**William DUNSHIE and Erma Dunshie, Appellants,**

v.

**GENERAL MOTORS CORPORATION and Spindletop Buick Co., Appellees.**

**No. 09–91–078 CV.**

Court of Appeals of Texas, Beaumont.

Jan. 9, 1992.

Publication ordered Jan. 23, 1992.

Brent Carpenter, Waldman, Smallwood & Grossman, Houston, for appellants.

Ann E. Barlow, Alfred W. Cortese, Jr., Kirkland & Ellis, Washington, James H. Chesnutt, II, D. Allan Jones, Orgain, Bell & Tucker, Beaumont, Walter R. Lancaster, Kirkland & Ellis, Chicago, for appellees.

S. Vance Wittie, P. Michael Jung, W. Richard Davis, Strasburger & Price, Dallas, amicus curiae.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

PER CURIAM.

This is an interlocutory appeal challenging the trial court's order to seal pretrial discovery under TEX.R.CIV.P. 76a. This is a products liability and Deceptive Trade Practices Act suit to recover damages suffered by William Dunshie and Erma Dunshie, allegedly as a result of a defective restraint system in a vehicle manufactured by General Motors Corporation ("GM"). The parties are conducting pretrial discovery. The Dunshies requested documents relating to development and testing by GM in connection with the restraint system incorporated into the Dunshie's 1987 Buick LeSabre and other similar systems. GM sought a protective order pursuant to TEX.R.CIV.P. 166b(5)(c) to protect alleged trade secrets and confidential business information from indiscriminate disclosure. General Motors filed a separate motion for protective order pursuant to TEX.R.CIV.P. 76a to seal trade secrets and proprietary information to be produced in discovery. After a hearing, the trial court entered a protective order under Rule 166b(5)(c), then entered a separate order which granted alternative relief under Rule 76a. The latter ordered engineering drawings, crash tests and government submissions sealed, but declined to order sealing of organizational charts. Appellants raise seven points of error.[1]

---

1. In addition to the response brief filed by appellees, the Texas Association of Defense Counsel, Texas Civil Justice League, and Product Liability Advisory Counsel, Inc. have filed an *amici curiae* brief.

Appellants group points of error one, two and six under a single argument. Those points are:

## POINT OF ERROR NO. 1

THE TRIAL COURT ERRED IN GRANTING THE APPELLEES' MOTION FOR PROTECTION AND SEALING DOCUMENTS

A. Appellee's (sic) failed to overcome the presumption of openness which may only be overcome upon showing that a specific, serious and substantial interest outweighs any probable adverse effect the sealing will have upon the general public health or safety.

B. Appellee failed to meet its burden of proof to show a specific, serious and substantial interest which outweighed any probable adverse effect the sealing would have upon the general public health or safety.

C. The testimony presented by appellee was global in nature and failed to establish a specific interest.

D. Appellee failed to rebut evidence that sealing the documents would have a probable adverse effect upon the general public health or safety.

E. The trial court erred in holding that the Appellee's [sic] interest outweighed any probable adverse effect the sealing would have upon the general public health or safety.

## POINT OF ERROR NO. 2

THE TRIAL COURT ERRED IN PLACING THE BURDEN OF PROOF ON THE APPELLANT TO SHOW PROBABLE ADVERSE EFFECT UPON THE GENERAL PUBLIC HEALTH OR SAFETY, RATHER THAN PLACING THE BURDEN ON THE APPELLEE TO NEGATE ADVERSE EFFECT.

## POINT OF ERROR NO. 6

THE TRIAL COURT ERRED IN SEALING THE DOCUMENTS SINCE THE GREAT WEIGHT AND PREPONDERANCE OF THE FACTS IN EVIDENCE INDICATED THAT THE DOCUMENTS HAD A PROBABLE ADVERSE EFFECT ON THE GENERAL PUBLIC HEALTH AND SAFETY AND THERE WAS NO SPECIFIC, SERIOUS AND SUBSTANTIAL INTEREST WHICH OUTWEIGHED THIS PROBABLE ADVERSE EFFECT.

■ We review rulings of the trial court on the abuse of discretion standard. The test is not whether the facts present an appropriate case for the trial court's action, but whether the trial court acted without reference to any guiding rules or principles, or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The guiding rules and principles for sealing court records are found in Rule 76a.

"Court records" is defined by Rule 76a to include "discovery, not filed of record, concerning matters that have a probable adverse effect upon the general health or safety...." The trial court found that the documents at issue were not "court records" because they were unfiled and did not concern matters that have a probable adverse effect upon the general public health or safety. GM's expert described each of the types of documents in question, including purpose and general content, testified that the documents do not reveal a threat to public safety and concluded in each case that the documents do not have a probable adverse effect upon the general health or safety. The Dunshies argue that the expert was biased, made only a cursory review of the documents, and was too vague about the benefit GM's competitors would gain from the information in the documents. The trial court found that the documents did not have a probable adverse effect on the general public health or safety and concluded that the documents were not governed by Rule 76a.

The particular documents which are the subject of the trial court's order have not been presented to the Court for review. We are therefore left to review the trial court's findings based upon the expert testimony provided at the hearing. The ex-

pert stated that he had reviewed the documents and they did not involve a probable adverse effect upon the general public health and safety.

■ We review the trial court's ruling on an abuse of discretion standard. The trial court considered the expert testimony and determined as a matter of fact that the documents do not concern a probable adverse effect upon the general public health and safety. Considering all of the evidence in the record, the trial court's factual determination was not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Since there was evidentiary support for the trial court's finding that the documents did not involve a probable adverse effect upon the general public health or safety, the trial court did not abuse its discretion in ruling that the documents in question were not governed by Rule 76a.

■ The trial court entered an order which provided alternatively for relief under Rule 166b and Rule 76a. Since we have found that the trial court did not abuse its discretion in ruling that the documents were not governed by Rule 76a, the provisions for interlocutory appeal found in Rule 76a(8) do not apply. The order is, therefore, nothing more than a Rule 166b protective order which is not reviewable by this court on direct appeal prior to trial. See TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1992). We conclude that we lack jurisdiction of this matter and order the appeal be dismissed.

APPEAL DISMISSED.