The UPJOHN COMPANY, Appellant,

v.

William R. FREEMAN, et al., Appellees.

No. 05–92–00777–CV.

Court of Appeals of Texas,
Dallas.

Nov. 24, 1992.

Earl B. Austin, Baker & Botts, L.L.P., Dallas and Richard L. Josephson, Houston, for appellant.

Stephen Gardner, Dallas, Michael D. Mosher, Paris, and Coyt Randal Johnston, Dallas, for appellee.

Before BAKER, KINKEADE and BURNETT, JJ.

OPINION

BAKER, Justice.

This appeal involves the trial court's denial of Upjohn's request for a sealing order under rule 76a.[1] In its third point of error, Upjohn contends that the trial court held Upjohn to an improper standard of proof. We agree. We set aside the trial court's order denying a sealing order. We remand this cause to the trial court for further proceedings.

---

1. TEX.R.CIV.P. 76a. All future references to rules are to the Texas Rules of Civil Procedure unless otherwise stated.

## THE BACKGROUND TO UPJOHN'S SEALING MOTION

In this products liability suit, the Freemans requested discovery of Upjohn's documents about the drug Halcion. Upjohn moved the court for an order limiting the disclosure of the documents under rule 76a. Upjohn posted the public notices required by rule 76a(3). The Dallas Morning News, Inc. and Public Citizen intervened. The plaintiffs and the intervenors contested Upjohn's claim of its right to have the documents sealed.

On March 30, 1992, the trial court held the hearing required by rule 76a(4). The parties agreed on the record that for purposes of the rule 76a hearing, the trial court could take judicial notice of all exhibits and affidavits filed of record.

Following argument by Upjohn's counsel that there was no contrary proof to Upjohn's affidavits and other documents, the trial court stated:

THE COURT: I'm not saying there's any defect in your proof.

UPJOHN'S COUNSEL: I understand that.

THE COURT: I'm saying, what is the specific, serious, and substantial interest which clearly—and·I think that is telling us that the standard of proof in a hearing like this is clear and convincing evidence, it's not preponderance.

*  *  *  *  *  *

The Supreme Court says, clearly outweighs—they are telling me as a trial judge, you are to apply clear and convincing standard of proof, not a preponderance. If that's the case, I'm asking you, what by clear and convincing evidence appears from these affidavits to be something that outweighs the presumption of openness and any probable adverse effect that sealing will have on the general public health or safety other than—

UPJOHN'S COUNSEL: We have met our burden that our documents that are at issue here should be protected. Therefore, there's no controverting evidence to that whether the standard is beyond a preponderance of the evidence or clear and convincing. We have put forward the only evidence. I guess what I'm saying to the Court, our evidence is the only evidence because there is—

THE COURT: Merely because it is the only evidence doesn't make it rise to the level of clear and convincing, I guess is my point.

The trial court denied Upjohn's motion. Upjohn perfected this appeal under rule 76a(8).

## THE APPLICABLE LAW

### A. Standard of Review

■ We review the trial court's ruling on the motion under the abuse of discretion standard. *Dunshie v. General Motors Corp.*, 822 S.W.2d 345, 347 (Tex.App.—Beaumont 1992, no writ). The test is not whether the facts present a proper case for the trial court's action. The test is whether the trial court acted without reference to any guiding rules or principles or acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Rule 76a provides the guiding rules and principles for sealing court records. *Dunshie*, 822 S.W.2d at 347.

When we resolve factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *See Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41–42 (Tex.1989, orig. proceeding). Even if we would decide the issue differently, we may not disturb the trial court's decision unless it is arbitrary and unreasonable. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985, orig. proceeding).

■ However, our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992, orig. proceeding). The failure of the trial court to apply the proper standard of law to a mo-

tion is an abuse of discretion. *NCNB Tex. Nat'l Bank v. Coker,* 765 S.W.2d 398, 400 (Tex.1989, orig. proceeding).

### B. Preponderance of the Evidence

■ In ordinary civil cases the party with the burden of proof must establish its case by a preponderance of the evidence. *State v. Turner,* 556 S.W.2d 563, 565 (Tex. 1977), *cert. denied,* 435 U.S. 929, 98 S.Ct. 1499, 55 L.Ed.2d 525 (1978). Preponderance of the evidence means the greater weight and degree of credible evidence. *See Davenport v. Cabell's, Inc.,* 239 S.W.2d 833, 835 (Tex.Civ.App.—Texarkana 1951, no writ).

### C. Clear and Convincing Evidence

■ Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction about the truth of the allegations a party seeks to show. *State v. Addington,* 588 S.W.2d 569, 570 (Tex.1979). Clear and convincing evidence is an intermediate standard. It falls between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. *State v. Addington,* 588 S.W.2d at 570.

The trial court's application of the clear and convincing evidence standard requires a more onerous standard of appellate review. *See Matter of Estate of Glover,* 744 S.W.2d 197, 199 (Tex.App.—Amarillo 1987), *writ denied per curiam,* 744 S.W.2d 939 (Tex.1988). We do not determine whether the trier of fact could reasonably conclude that the existence of a fact is more probable than not, as in ordinary cases. We determine whether the trier of fact could reasonably conclude that the existence of the fact is highly probable. *See Neiswander v. Bailey,* 645 S.W.2d 835, 836 (Tex. App.—Dallas 1982, no writ).

### APPLICATION OF THE LAW TO THE FACTS

■ In its third point of error, Upjohn argues that the trial court abused its discretion by applying a clear and convincing standard of proof to Upjohn's rule 76a mo-

tion. Upjohn contends that nothing in the rule suggests holding a movant to a higher standard of proof than a preponderance of the evidence. Upjohn points out that the advisory committee that drafted rule 76a specifically considered but rejected the notion that the standard of proof to secure a sealing order is by clear and convincing evidence.

The Dallas Morning News and Public Citizen contend that the rule itself requires Upjohn to establish interests that clearly outweigh the presumption of openness and the probable adverse effect that sealing would have upon the general public health or safety. The intervenors contend the trial court's comments about proof by clear and convincing evidence rather than a preponderance were in the context of discussing the specific language of rule 76a. The intervenors argue the court gave no indication it was judging Upjohn's entire motion by the higher standard of proof.

When the issue of the burden of proof arose in the rule 76a hearing, the trial court said:

> [I] think that [rule 76a(1)] is telling us that the standard of proof in a hearing like this is clear and convincing evidence, it's not preponderance ... the Supreme Court says, clearly outweighs—they are telling me as a trial judge, you are to apply clear and convincing standard of proof, not a preponderance.

We conclude the trial court applied the clear and convincing evidence standard of proof to Upjohn's request for a sealing order. In our view, a rule 76a proceeding is an ordinary civil matter. The preponderance of the evidence standard governs the proponent's burden of proof. The advisory committee's comments when debating this very issue reinforce this conclusion. *See* Tex.Sup.Ct.Ad.Com., *Rule 76a: Transcripts, Agendas, Correspondence, 1989–1990,* Vol. 2, p. 442 (February 9, 1990). The advisory committee voted to reject the clear and convincing evidence standard for the preponderance of the evidence standard. *See* Tex.Sup.Ct.Ad.Com., *Rule 76a: Transcripts, Agendas, Correspondence, 1989–1990,* Vol. 2, p. 227 (February 9,

1990); *see also* Lloyd Doggett & Michael J. Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest*, 69 Tex.L.Rev. 643, 655 (1991).[2]

### CONCLUSION

Because Judge Marshall applied the incorrect clear and convincing standard of proof to Upjohn's motion for a sealing order under rule 76a, he abused his discretion. *See NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d at 400. We sustain part A of Upjohn's third point of error.

We reverse the trial court's order of March 31, 1992. We remand this matter to the trial court for a new rule 76a hearing under the provisions of that rule. *See Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex.1992, orig. proceeding). In reaching this conclusion, we express no opinion on any aspects of the merits of Upjohn's rule 76a motion.

2. The Dallas Morning News in its pleading in opposition to Upjohn's sealing motion demanded strict proof by Upjohn by a *preponderance of the evidence* of all procedural and substantive requirements for sealing of records under rule 76a. (See transcript page 470).