ELI LILLY AND COMPANY and Dista Products Company, a Division of Eli Lilly and Company, Appellants,

v.

Jackie Lynn BIFFLE, Individually and as Next Friend of Jolie Lynn Biffle, a minor, and on behalf of the Estate of Michael Hays Biffle, Deceased; and Michelle Selette Biffle, Appellees.

No. 05–92–00487–CV.

Court of Appeals of Texas, Dallas.

Aug. 19, 1993.

Wade C. Smith, Mark E. Smith, Robert G. Hogue, Joe C. Freeman, Jr., John L. Hill, for appellants.

Paul L. Smith, for appellees.

Before THOMAS, OVARD and MORRIS, JJ.

## OPINION

MORRIS, Justice.

This is an appeal from the trial court's order denying appellants' motion to seal certain documents pursuant to rule 76a of the Texas Rules of Civil Procedure. Appellants assert four points of error. Because we find merit in appellants' first point of error, we address it only and reverse the trial court's order. Setting forth the procedure to be followed under rule 76a, we remand the cause to the trial court for a new hearing on appellants' motion.

## FACTUAL AND PROCEDURAL HISTORY [1]

Appellees sued appellants on a products liability theory relating to the drug Prozac and requested discovery of documents. Appellants objected to the discovery requests, and appellees filed a motion to compel the production of the documents. Appellants then filed a motion seeking a protective order and an order sealing certain documents pursuant to rules 166b and 76a, respectively, of the Texas Rules of Civil Procedure. In their motion, appellants sought to limit disclosure of documents alleged to contain trade secrets relating to the drug Prozac. The trial court held a hearing on both parties' motions. During this hearing a dispute arose about whether rule 76a applied to trade secrets.

As a result, the trial court declined to consider the merits of appellants' request for an order to seal the documents under rule 76a.[2] By order dated October 23, 1991, however, the trial court ordered production of most of the documents sought by appellees. The trial court denied appellants' request for a rule 166b protective order restricting public dissemination of the documents it ordered produced.

Because the trial court declined to rule on appellants' request to seal certain documents, appellants sought a writ of mandamus to compel the trial court to consider their rule 76a motion. In a published per curiam opinion, the supreme court conditionally granted the writ of mandamus with instructions to the trial court to conduct a hearing and render a decision on appellants' rule 76a motion.[3]

In the trial court appellants renewed their previous motion for a protective order and a sealing order under rules 166b and 76a. The trial court held a hearing on June 12, 1992, stating it convened the hearing "pursuant to the supreme court's order that [it] conduct a rule 76a hearing." At the outset of the hearing, the trial court informed appellants that "inasmuch as rule 76a says that this stuff is presumed to be open, since you all are the ones seeking to have it not so open, the burden is on you to go forward." Appellants then attempted to establish the sealing order should be granted. In response, appellees attempted to show why the documents in question should not be sealed.[4] On June 19,

---

1. This is the third appellate opinion involving the parties' disputes. The case has not yet been tried, however. *See Eli Lilly & Co. v. Marshall,* 850 S.W.2d 155 (Tex.1993) (orig. proceeding); *Eli Lilly & Co. v. Marshall,* 829 S.W.2d 157 (Tex.1992) (orig. proceeding) (per curiam).

2. The trial court later issued an order dated November 5, 1991, in which it found that public notice for the rule 76a hearing was posted in accordance with the rule and that all other procedural requirements for a rule 76a hearing had been met.

3. *See Eli Lilly & Co. v. Marshall,* 829 S.W.2d 157 (Tex.1992) (orig. proceeding) (per curiam).

4. In their supplemental brief, appellants argue the evidence adduced at the June 12 hearing established as a matter of law that they were entitled to a "protective order" under either rule 166b or rule 76a. The record reflects that the trial court previously ruled on appellants' motion for a rule 166b protective order in its October 23, 1991 order and that it specifically limited the June 12, 1992 hearing to a "rule 76a hearing." Because we have concluded the trial court abused its discretion in the way it conducted the June 12 hearing by allocating an improper burden of proof to appellants, we do not reach the question whether the evidence was sufficient to establish appellants' entitlement to a sealing order under rule 76a. Moreover, we view appellants' attempt to show error in the trial court's

1992, the trial court denied appellants' motion for an order to seal under rule 76a.

## DISCUSSION

■ In their first point of error, appellants assert the trial court erred in presuming from the outset of the June 12 hearing that the documents in question were "open." Appellants argue that by presuming the documents were open to the public, the trial court in effect erroneously presumed the documents were court records. Because of this error, appellants contend the trial court erred further by placing an improper burden on them to prove the documents were not court records. Appellants argue rule 76a does not require the party moving for a sealing order to show the documents are not court records but instead requires the opposing party to show the documents are court records benefitting from the presumption of openness described in the rule. We agree.

Rule 76a(1) provides that "court records ... are presumed to be open to the general public." Tex.R.Civ.P. 76a(1). "Court records" are defined in the rule as, among other things, "discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety." Tex.R.Civ.P. 76a(2)(c). It is this definition that is in issue in this case. Although court records are presumed open to the general public, rule 76a provides the trial court may seal such records upon a showing of all of the following:

(a) a specific, serious and substantial interest which clearly outweighs:

(1) this presumption of openness;

(2) any probable adverse effect that sealing will have upon the general public health or safety;

(b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

Tex.R.Civ.P. 76a(1)(a), (b).

It is undisputed the discovery in question consisted of a very large number of docu-

ruling on their motion for a rule 166b protective order as an impermissible appeal of an interlocu-

ments not filed in the trial court's record. In their renewed rule 76a motion, appellants specifically raised the issue of whether these documents were in fact court records as defined by rule 76a(2)(c) and requested the trial court to issue an order sealing certain documents if it found the documents were court records. At the outset of the hearing, however, the trial court presumed the documents were "open" to the public.

■ Rule 76a does not contain a presumption that discovery documents not filed with the trial court are court records. The rule provides only that court records are presumed to be open to the general public. Under rule 76a, discovery not filed with the trial court is open to the public only if it is a court record as defined by the rule. A trial court may not presume a particular document or group of documents are court records if a party in a rule 76a motion raises the issue of whether the discovery in question constitutes court records as defined in the rule. When the issue is raised, the trial court must make a factual determination of whether a specific document or category of documents constitutes court records.

■ The burden to prove that all or some of the discovery documents sought to be sealed are "court records" properly rests on the party urging that the documents should receive the benefit of the presumption of openness described in rule 76a. In effect, the burden of proof rests with the party opposing the motion to seal because it is that party who contends the discovery is open to the general public. If the character of the discovery documents that are the subject of the motion to seal is disputed, we hold it is the burden of the party asserting that the documents are open to the public to prove by a preponderance of the evidence that the documents are court records as defined by rule 76a. *See Upjohn Co. v. Freeman,* 847 S.W.2d 589, 591 (Tex.App.—Dallas 1992, no writ).

tory order.

■ If that burden of proof is met and the trial court finds the documents are court records, the documents then are presumed to be open to the general public. At that point, the party moving for the sealing order has the burden to show by a preponderance of the evidence that the court records, though presumed open to the general public, should be sealed nonetheless for the reasons set forth in rule 76a(1). *See* Tex.R.Civ.P. 76a(7); *Upjohn,* 847 S.W.2d at 591.

Here, the trial court stated at the beginning of the June 12 hearing that the documents appellants were attempting to seal were "presumed to be open" and that because appellants were seeking to have the documents sealed, "the burden [was] on [them] to go forward." Because only court records are presumed open to the general public, we conclude the trial court, by presuming the discovery documents in question were "open," necessarily presumed the documents were court records. As we have already determined, rule 76a does not permit the trial court to make such a presumption if the character of the documents is placed in issue. The trial court must determine whether the documents are court records based upon evidence presented, which may inescapably include the documents themselves submitted *in camera* for the trial court's examination.

By presuming the documents in question *were* court records, the trial court allocated to appellants the burden of proving the documents *were not* court records. No such burden exists. Because the burden of proof on the issue of whether the documents are court records rests with the party contending the documents are court records, appellants were entitled to have the trial court determine whether appellees' evidence showed the documents were court records as defined by rule 76a(2)(c). Appellants were not obligated and should not have been required to present evidence on this issue. If appellees did not discharge their burden of proof, the documents in question would not be subject to being sealed and appellants' rule 76a motion would become moot.

■ We review a trial court's ruling on a motion for an order to seal documents pursuant to rule 76a under an abuse of discretion standard. *See Upjohn,* 847 S.W.2d at 590. In determining if the trial court abused its discretion, the test is whether the trial court acted without reference to any guiding rules or principles or acted in an arbitrary or unreasonable manner. *See id.* Rule 76a provides the guiding rules and principles for sealing court records and, concomitantly, the guiding rules and principles by which the trial court must act in considering a rule 76a motion. *See id.*

Because the trial court's actions were contrary to the guiding rules and principles set forth in rule 76a, we hold the trial court abused its discretion. We reverse the trial court's order of June 19, 1992, and remand this cause for a new hearing on appellants' rule 76a motion. On remand the trial court should allocate to the parties their respective burdens of proof as delineated in this opinion. We express no opinion about the merits of appellants' rule 76a motion.