


# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-95-01727-CV

ANGELA M. WOOD, M.D., ET AL.,
Appellants

V.

JAMES R. MORIARTY, a Professional
Corporation D/B/A MORIARTY &
ASSOCIATES, ET AL., Appellees

Appeal from the 101st District Court of
Dallas County, Texas. (Tr.Ct.No. 95-1685-
E).

Opinion delivered by Justice Lagarde,
Justices Maloney and Morris also
participating.

## JUDGMENT

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees JAMES R. MORIARTY, a Professional Corporation d/b/a Moriarty & Associates, Kathy L. Buchanan, *The Dallas Observer*, Toni P., Emily P., Deedra F., Michael G., as Next Friend for Michael G., a Minor, Tammy L., James O., Gloria W., Gloria W., as Next Friend for Ryan G., a Minor, Kevin P., Frank J., Stefani R., Frences B., as Next Friend for Frances B., a Minor, Michael H., Jeff D., Nikisha C., Curtis M., Debra H., as Next Friend for Hugh H., a Minor, Lela B., Becky R., Norman K., Steven S., Pertriser K., Christy S., Maria M., Ricky B., Matthew W., Peggy S., Amy L., Toni H., Valeria T., Ken F., as Next Friend for Natasha F., a Minor, Jeanne F., Frances A., Caurlos W., Sue S., Personal Representative of Molly S., Kelly S., William M., Robin A., Janet F., Lubirda P., Anne V., Angela R., Kristine K., Glenn T., Pam C., Marcie P., Sherry S., Marianne N., Angela C., Kim N., as Next Friend for Bill W., a Minor, Kelli C., John S., Cindi S., as Next Friend for Amy M., a Minor, Troy B., Honey M., John H., Gregg T., Aimee D., Tiffany H., Michelle A., Sherry C., April R., Linda G., Mary W., Patricia H., Heather C., Todd W., Danny A., Wanda H., as Next Friend for Amanda H., a Minor, Jonathan M., Jason B., Wanda S., as Next Friend for Dionte S., a Minor, Russell W., Eva Renea A., Kelly A., Christopher A., David B., Robert B., Amy C., Christine C., Christina D., Merry Jane D., Melissa E., Brian F., Reb G., William J., Jennifer L., Michael M., Joy M., Ransom M., Amy Jordan M., Alton M., Dedra N., Kimberly N., Julie P., Jessie P., Lauren P., Traci P., Andrew Q., Matthew R., Jeffrey R., Christopher Brandon S., James S., Joshua Y., and Monica Y. recover their costs of this appeal from appellants Angela M. Wood, M.D., Gary Lee Etter, M.D., Grover Lawlis, M.D., William M. Pederson, M.D., Leslie H. Secrest, M.D., John M. Zimburean, M.D., Larrie W. Arnold, M.D., Bradford M. Goff, M.D., Fred L. Griffin, M.D., Ronald Fleischmann, M.D., Dallas Psychiatric Associates, a Partnership, Angela M. Wood, M.D., P.A., Gary Lee Etter, M.D., P.A.,

Grover Lawlis, M.D., P.A., William M. Pederson, M.D., P.A., Leslie H. Secrest, M.D., P.A., John M. Zimburean, M.D., P.A., Larrie W. Arnold, M.D., P.A., Bradford M. Goff, M.D., P.A., Fred L. Griffin, M.D., P.A., and Ronald Fleischmann, M.D., P.A., and from Smith & Uloth, P.C. as surety on appellants' cost bond.

Judgment entered February 19, 1997.

SUE LAGARDE
JUSTICE

**AFFIRMED, and Opinion Filed February 19, 1997**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-95-01727-CV

---

### ANGELA M. WOOD, M.D., et al., Appellants

### V.

### JAMES R. MORIARTY, P.C., d/b/a MORIARTY & ASSOCIATES, KATHY L. BUCHANAN, DALLAS OBSERVER, TONI P., et al., and EVA RENEA A., et al., Appellees

---

### On Appeal from the 101st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 95-1685-E

---

## O P I N I O N

Before Justices Lagarde, Maloney, and Morris
Opinion By Justice Lagarde

Angela M. Wood, M.D., et al. appeal the trial court's order denying their motion to restrict access to discovery pursuant to rule 76a. *See* Tex. R. Civ. P. 76a. Appellants bring four points of error contending that the trial court abused its discretion in denying appellants' motion to restrict discovery (i) in failing to determine whether the discovery documents were court records, (ii) in failing to analyze or apply correct legal principles, and

(iii) because no evidence or insufficient evidence supports the trial court's ruling. We overrule the points and affirm the trial court's order.

## FACTUAL BACKGROUND

Appellants are ten psychiatrists and their professional corporations operating as a partnership, Dallas Psychiatric Associates. From 1987 to 1991, these doctors practiced at Brookhaven Psychiatric Pavilion, which was owned by National Medical Enterprises. James Moriarty is an attorney who placed allegedly libelous advertisements in newspapers and on radio stating that appellants had received kickbacks, had overcharged patients, had charged patients for services not performed, and had physically and mentally abused patients. Moriarty represents about six hundred plaintiffs in a lawsuit against appellants filed in Montgomery County. After Moriarty filed the Montgomery County suit, appellants brought this suit against him and Kathy Buchanan alleging libel and slander. Appellants asserted as damages, *inter alia*, loss of income and patients. During discovery, Moriarty requested that appellants turn over certain personal and business financial records. Appellants filed a motion asking the trial court to limit the scope of discovery under rule of civil procedure 166b or to restrict public access to the records under rule 76a. The Dallas Observer, Toni P., et al., and Eva Renea A., et al.,[1] intervened in the suit for purposes of the motion to seal under rule 76a(4). Appellants did not tender the documents to the trial court for in camera review. Following a hearing, the trial court denied appellants' request to seal.

---

[1] Toni P., et al. and Eva Renea A., et al. are 105 individuals who were appellants' patients and have suits pending against appellants in Dallas and Montgomery counties.

Pursuant to rule 76a(8), appellants brought this appeal from the trial court's order denying the rule 76a motion. *See* TEX. R. CIV. P. 76a(8).

## RULE 76a

Rule 76a of the rules of civil procedure provides that "court records . . . are presumed to be open to the general public . . . ." TEX. R. CIV. P. 76a(1). "Court records" are defined in the rule as, among other things, "discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety." TEX. R. CIV. P. 76a(2)(c). Rule 76a provides:

> [C]ourt records, as defined in this rule, are presumed to be open to the general public and may be sealed only upon a showing of all of the following:
>
> (a)    a specific, serious and substantial interest which clearly outweighs:
>
>      (1)    this presumption of openness;
>
>      (2)    any probable adverse effect that sealing will have upon the general public health or safety;
>
> (b)    no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

TEX. R. CIV. P. 76a(1). The party seeking to seal the court records must prove the elements of rule 76a(1) by a preponderance of the evidence. *Upjohn Co. v. Freeman*, 906 S.W.2d 92, 96 (Tex. App.--Dallas 1995, no writ); *Eli Lilly & Co. v. Biffle*, 868 S.W.2d 806, 809 (Tex. App.--Dallas 1993, no writ).

A trial court may not presume a particular document or group of documents

constitutes court records if a party in a rule 76a motion raises the issue of whether the discovery in question constitutes court records as defined in the rule. *Upjohn*, 906 S.W.2d at 95-96; *Eli Lilly*, 868 S.W.2d at 808. When the issue is raised, the trial court must make a factual determination of whether a specific document or category of documents constitutes court records. *Upjohn*, 906 S.W.2d at 96; *Eli Lilly*, 868 S.W.2d at 808.

We review the trial court's ruling on the rule 76a motion under an abuse of discretion standard. *Upjohn*, 906 S.W.2d at 95; *Eli Lilly*, 868 S.W.2d at 809. The test for an abuse of discretion is not whether the facts present a proper case for the trial court's action. Rather, the test is whether the trial court acted without reference to any guiding rules or principles, or acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986); *Upjohn*, 906 S.W.2d at 95. Rule 76a provides the guiding rules and principles for sealing court records. *Upjohn*, 906 S.W.2d at 95; *Dunshie v. General Motors Corp.*, 822 S.W.2d 345, 347 (Tex. App.--Beaumont 1992, no writ). An abuse of discretion does not exist when the trial court bases its decision on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Zmotony v. Phillips*, 529 S.W.2d 760, 762 (Tex. 1975); *Upjohn*, 906 S.W.2d at 95.

When we review matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Upjohn*, 906 S.W.2d at 95. Even if we would decide the issue differently, we may not disturb the trial court's decision unless it is arbitrary and unreasonable. *Id.* In a nonjury trial or hearing, the trial judge is the sole

judge of the witnesses' credibility and the weight given their testimony. *Id.*; *Tate v. Commodore County Mut. Ins. Co.*, 767 S.W.2d 219, 224 (Tex. App.--Dallas 1989, writ denied).

## JURISDICTION

In their first "reply point," appellees assert that this Court lacks jurisdiction over the appeal because appellants contend in their first point of error that the trial court did not determine that the discovery documents were court records. If the documents are not court records, then rule 76a is not applicable. *See Dunshie*, 822 S.W.2d at 348; *see also* TEX. R. CIV. P. 76a(8). Appellants' argument under the point is that the trial court appeared to presume that the records were court records without making a factual determination. Courts of appeals do have jurisdiction to review this complaint. *See Upjohn*, 906 S.W.2d at 96; *Eli Lilly*, 868 S.W.2d at 808. We conclude that we have jurisdiction over the appeal. We overrule appellees' first reply point.[2]

All of appellants' points of error assert that the trial court erred in denying their motion to restrict use of and access to the discovery documents pursuant to rules 76a and 166b(5)(c) of the Texas Rules of Civil Procedure. This Court has jurisdiction over the appeal insofar as it concerns the denial of relief under rule 76a. This Court has no jurisdiction over the appeal insofar as it concerns the denial of relief under rule 166b. *See*

---

[2] In their argument under this reply point, appellees cited *Tollack v. Allianz of America Corp.*, No. 05-91-01943-CV (Tex. App.--Dallas, Aug. 16, 1993, writ denied) (not designated for publication). This Court ordered that the opinion not be published. Rule 90(i) of the rules of appellate procedure provides, "Unpublished opinions *shall not* be cited as authority by counsel or by a court." TEX. R. APP. P. 90(i) (emphasis added). Appellees' citation to *Tollack* as authority in support of their argument is in clear violation of this rule. Appellees and their counsel are cautioned not to violate this rule in the future.

*Dunshie*, 822 S.W.2d at 348. Accordingly, we dismiss appellants' points of error to the extent they do not involve denial of relief under rule 76a.

## COURT RECORDS

In their first point of error, appellants contend that the trial court abused its discretion in failing to determine that the documents sought to be sealed were court records. The record shows that the trial court did determine that the documents were court records. In the order granting the Dallas Observer's plea in intervention, the trial court ruled, "All documents filed with the clerk of this Court in this action and all unfiled discovery constitute 'court records' as that term is defined and interpreted for purposes of application of Tex. R. Civ. P. 76a."[3] Therefore, we overrule appellants' first point of error.

In their second point of error,[4] appellants contend that no evidence or insufficient evidence supports the trial court's order denying appellants' motion to restrict use of and access to discovery. Under this point, appellants argue that no evidence or insufficient evidence supports the trial court's finding that the discovery documents are court records. The order containing the finding that the discovery documents are court records states that the decision was based on the pleadings, the evidence submitted, and the argument of counsel. The briefs refer to a statement of facts from the hearing on the motion to seal, but

---

[3] Appellants do not challenge this ruling as overbroad. Accordingly, we do not address this issue. We do not consider and we express no opinion on the propriety of the order.

[4] On page iv of appellants' brief, this point of error is listed as the fourth point of error.

no statement of facts has been filed in this case.[5] The briefs note that certain exhibits, which are not included in the record before this Court, were submitted to the trial court and admitted into evidence.

Appellants had the responsibility to ensure that the statement of facts was filed. Tex. R. App. P. 53(k); *Smith v. Grace*, 919 S.W.2d 673, 676 (Tex. App.--Dallas 1996, writ denied), *petition for cert. filed*, 65 U.S.L.W. 3489 (U.S. Jan. 2, 1997) (No. 96-1057); *see also* Tex. R. App. P. 50(d). The requirement of a statement of facts applies to issues that require reference to the evidence. *Smith*, 919 S.W.2d at 677. In the absence of a statement of facts, we must presume that sufficient evidence was introduced in the trial court to support the trial court's decision. *Id.*; *Northeast Wholesale Lumber, Inc. v. Leader Lumber, Inc.*, 785 S.W.2d 402, 405 (Tex. App.--Dallas 1989, no writ).

Appellees state that the trial court admitted defendants' exhibits one through three at the hearing. Appellees state these exhibits were certified copies of criminal judgments against National Medical Enterprises and Peter Alexis. The other evidence considered by the trial judge was contained in affidavits filed with the district clerk. The affidavits are before this Court in the transcript and supplemental transcript. The judgments introduced at the hearing, however, do not appear to be part of the record before this Court. Because the parties allege that the trial court received evidence at the hearing not before this Court

---

[5] Before bringing this appeal, appellants filed a motion for leave to file a writ of mandamus. That motion was summarily denied. The statement of facts from the hearing on the motion to seal was delivered to the clerk of this Court as an exhibit to the petition for writ of mandamus presented with the motion for leave to file. *See* Tex. R. App. P. 121(a)(3), (4). No party to this appeal attempted to make that statement of facts part of the record of this appeal or requested that we take judicial notice of the statement of facts. Accordingly, we do not address the issue of whether the statement of facts is properly part of the records of this Court following the denial of the motion for leave to file the petition for writ of mandamus.

-7-

in the transcript, review of the sufficiency of the evidence in this case requires review of the statement of facts. Appellants failed in their duty to file the statement of facts in this case. Accordingly, we must presume that some evidence and sufficient evidence supports the trial court's finding that the documents were court records. We overrule appellants' second point of error.

## ABUSE OF DISCRETION

In their third point of error, appellants contend that the trial court abused its discretion in denying their motion to restrict use of and access to discovery documents.[6]

The records requested consist of financial and office records including: records of compensation from appellants' associated hospitals and national medical organizations; records of compensation from referrals; stock options from the associated hospitals and national medical organizations; billing records; federal income tax returns for 1993 and 1994; financial statements; accounting documents; and records showing appellants' income from 1993 through the present. Appellants assert that they have a specific, serious, and substantial interest in these records which outweighs the presumption of openness and any probable adverse effect that sealing will have upon the general public health and safety. Appellants assert that no less restrictive means than sealing these records will protect their interest in these records. *See* TEX. R. CIV. P. 76a(1).

---

[6] This is the point of error as stated on page 17 of appellants' brief immediately preceding the argument on the point of error. On page iv of their brief, appellants state the third point of error as: "The trial court abused its discretion in failing to make a factual determination on the motion to restrict use of and access to discovery pursuant to Texas Rules of Civil Procedure 76a and 166b(5)(c)." Appellants do not argue the point as stated on page iv. Accordingly, we address the point of error as stated on page 17.

Appellants assert a privacy interest in the financial records. Appellants rely on *Fox v. Anonymous*, 869 S.W.2d 499 (Tex. App.--San Antonio 1993, writ denied). In *Fox*, the minor plaintiff and his guardian ad litem filed a "friendly" suit in district court for the approval, entry, and enforcement of a settlement agreement of the minor's tort claims resulting from being sexually assaulted while a patient in a mental health facility. *Id.* at 501. The plaintiff moved to have the records sealed so that his identity and the terms of the settlement agreement would not be disclosed. *Id.* at 502. The plaintiff introduced evidence showing that he would be irreparably harmed by the disclosure of his identity and the terms of the settlement agreement. *Id.* The trial court granted the plaintiff's motion and ordered the records sealed. On appeal, the San Antonio Court of Appeals found that sufficient evidence existed that the plaintiff had a specific, serious, and substantial interest in concealing his identity and the terms of the settlement agreement because of his severe emotional problems and the risks associated with his rehabilitation and treatment. *Id.* at 506. The plaintiff met the other requirements of rule 76a(1). *Id.* at 505-06. The court of appeals affirmed the sealing order to the extent that it concealed the plaintiff's identity and the terms of the settlement agreement. *Id.* at 507.

*Fox* is an appeal of an order *granting* a sealing order; this case involves review of an order *denying* a sealing order. The standards for reviewing the denial of a sealing order differ from those for reviewing the granting of a sealing order.[7] Therefore, *Fox* does not

---

[7] Rule 76a permits a trial court to seal court records only when the movant makes the showing required by rule 76a. However, rule 76a does not require the trial court to seal the record if the movant makes the 76a(1) showing. *See* TEX. R. CIV. P. 76a(1)

(continued...)

apply to this case.

Appellants also note that the court in *Fox* stated that an unapproved version of rule 76a placed financial information on the same level of protection as a sexual assault victim's identity. Appellants assert that the trial court should have ordered the financial records sealed in this case just as the court in *Fox* ordered sealed the plaintiff's identification and the terms of the settlement agreement. However, in *Fox*, the court held that the trial court did not err in sealing the records because the plaintiff proved the existence of a specific, serious, and substantial interest by showing that the lack of restrictions on access to the plaintiff's identity and the terms of the settlement agreement would cause him irreparable harm. *Id.* at 507. In this case, appellants proved that the records were private, but they presented no evidence showing that the lack of restrictions on access to the financial information would cause them irreparable harm. Thus, *Fox* does not support appellants' position.

Appellants also assert for the first time that disclosure of the financial records would harm their spouses and children by disclosing their social security numbers. Nothing in the record shows that any of the appellants are married or have children. Thus, this argument lacks merit.

Appellants assert that because appellee Moriarty is counsel for plaintiffs in the suit against appellants in *Evangeline R., et al. v. National Medical Enterprises, et al.* pending in

---

[7](...continued)
("court records . . . are presumed to be open . . . and *may* be sealed *only* upon a showing of the [requirements of rule 76a(1)(a) & (b)]" (emphasis added)).

Montgomery County, Moriarty would be likely to use information discovered in his capacity as a party in this case in his representation of plaintiffs in *Evangeline R.* in their suit against appellants. Appellants argue that the lack of restrictions on the use of the material discovered in this lawsuit against appellants in the other lawsuit would be improper and cause appellants irreparable harm. Appellants present no argument or authorities explaining why the use of the information in the Montgomery County suit would be improper. Nor do they explain how the use of the evidence in the Montgomery County suit would cause them irreparable harm. If the evidence is relevant to the Montgomery County suit, then, presumably, the same information is subject to discovery in that suit. *See* TEX. R. CIV. P. 166b(2)(a) ("Parties may obtain discovery regarding any matter which is relevant to the subject matter in the pending action . . . ."). Appellants have not shown that any existing orders limiting discovery in the Montgomery County suit would prevent appellees from obtaining this information during the discovery procedures in the Montgomery County suit or that the lack of restrictions on the use of discovery in this case would harm them in their defense of the Montgomery County suit. Thus, even though appellants asserted in their motion that they would be irreparably harmed by the lack of restrictions on the use of the documents, they presented no evidence in support of this assertion.

Appellants' failure to make any showing that the lack of restrictions on the use of or access to the documents would harm them supports the trial court's finding that:

> the public interest and right to know the contents of Plaintiffs'
> discovery responses in this lawsuit outweigh Plaintiffs' interest
> in the privacy of such records. Plaintiffs have not shown a

specific, serious, and substantial interest which clearly outweighs the presumption of openness of court records and the probable adverse effect that sealing will have upon the general public health and safety.

Accordingly, we conclude that the trial court did not abuse its discretion in denying appellants' motion to restrict use of and access to discovery documents. We overrule appellants' third point of error.

In their fourth point of error,[8] appellants contend that the trial court erred in failing to analyze or apply the correct legal principles in denying appellants' motion to restrict use of and access to discovery. Appellants' argument under this point appears to be an attempt to incorporate their arguments from the first two points of error. Because we have overruled those points of error, we overrule appellants' fourth point of error.

---

[8] On page iv of appellants' brief, this point of error is listed as the second point of error.

We affirm the trial court's order denying appellants' motion to seal.

SUE LAGARDE
JUSTICE

Publish
Tex. R. App. P. 90
951727F.P05

-13-