**Affirmed and Opinion Filed August 21, 2014**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01470-CV

**HILLWOOD INVESTMENT PROPERTIES III, LTD, Appellant**
**V.**
**RADICAL MAVERICKS MANAGEMENT, LLC, AND DALLAS BASKETBALL
LIMITED D/B/A DALLAS MAVERICKS, Appellees**

**On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. 10-05639**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Bridges

Hillwood Investment Properties III, Ltd. appeals the trial court's summary judgment in favor of Radical Mavericks Management, LLC, and Dallas Basketball Limited d/b/a Dallas Mavericks. In two issues, Hillwood argues the trial court erred in granting summary judgment on its claim that a receiver should have been appointed and abused its discretion in entering an order sealing certain documents. We affirm the trial court's judgment.

In May 2010, Hillwood filed its original petition against the Mavericks asserting, among other things, the Mavericks were insolvent and/or in imminent danger of insolvency. Hillwood asserted it was entitled to the appointment of a receiver to take charge of the management and control of the Mavericks. As a factual basis for this assertion, Hillwood stated it was the former majority interest owner of the Mavericks, and it conveyed this majority interest to entities owned

and controlled by Mark Cuban in April 2000. Since the Cuban-related entities acquired control of the Mavericks, Hillwood alleged, the Mavericks maintained one of the highest payrolls in the NBA and incurred substantial operating losses and interest-bearing debt. Hillwood alleged these conditions rendered the Mavericks "insolvent on a book basis." Hillwood, as a co-owner of the Mavericks, alleged the business decisions made under the direction of Cuban substantially diminished the value of Hillwood's investment in the Mavericks. By the time Hillwood filed its second amended original petition, Hillwood asserted only causes of action seeking the appointment of a receiver and an independent forensic accountant.

In October 2011, the Mavericks filed an "amended motion for summary judgment" in which they argued there was no evidence of insolvency and no necessity for a receiver. The motion asserted: "Hillwood cannot establish that the Dallas Mavericks are insolvent or in imminent danger of insolvency – it is undisputed that the Dallas Mavericks have paid all debts as they come due and there is sufficient cash available to do so for several years. Moreover, Cuban is an integral part of the ongoing NBA labor negotiations. If a receiver is appointed over the Dallas Mavericks, the company and its owners could suffer substantial harm by losing Cuban's insight and influence in the negotiations." The motion argued that the undisputed evidence establishes that the Mavericks have paid their debts as they become due in the usual course of business.

Two days after filing the motion for summary judgment, the Mavericks filed a motion to seal records. Specifically, the Mavericks requested that the trial court seal some of the information Hillwood designated and intended to submit in response to the motion for summary judgment, including certain depositions and exhibits containing financial information about the Mavericks and information about negotiations of a new NBA collective bargaining agreement. Subsequently, the Mavericks filed an additional affidavit of Richard W. Buchanan, Executive

Vice President and General Counsel of the NBA, who stated two of the exhibits the Mavericks sought to have sealed contained "highly confidential and competitively sensitive business information of the NBA and its member teams, the public disclosure of which would adversely impact the business operations of the NBA and its member teams." One of the exhibits, "Exhibit 21," consisted of internal NBA financial reports of the Mavericks and summary financial information about the other twenty-nine NBA member teams. Exhibit 21 was the product of the full-time work of approximately three to four employees of the NBA finance department over the course of a six-to-seven-month period each year. Within the NBA, access to the document is limited to senior NBA executives within the Commissioner's Office and the NBA's Finance and Legal Departments, and to a small group of NBA senior executives and consultants. The information contained in Exhibit 21 was provided to the NBA Players' Association in connection with ongoing collective bargaining negotiations, "but only after entry of a confidentiality agreement to ensure against the public disclosure of the information contained therein." Exhibit 21 is kept confidential by the NBA for the same reason that sensitive financial information is typically kept confidential – because its disclosure would put the NBA and its teams (and the Mavericks in particular) at a competitive disadvantage. As to the other document, Exhibit 33, Buchanan stated it contained internal NBA financial reports concerning ticket sales and was only accessible to a limited number of individuals within the NBA. Exhibit 33 was also provided in connection with ongoing collective bargaining negotiations after "entry" of a confidentiality agreement.

Hillwood filed a response to the Mavericks' motion for summary judgment supported by the affidavit of John D. Finnerty, a professor of finance at Fordham University's Graduate School of Business Administration. Finnerty stated the "inability to pay debts as they come due test for insolvency is a forward-looking test, in which the financial analyst evaluates an entity's

–3–

ability to meet all of its obligations as they mature." The test, Finnerty stated, "is not whether the entity has paid its debts in the past." Finnerty testified that the Mavericks are "insolvent on a stand-alone basis" because they are unable to pay debts as they come due without a commitment from a credit worthy third-party.

On October 25, 2011, the trial court granted the Mavericks' motion to seal certain specified documents, including Exhibit 21 and Exhibit 33. On November 3, 2011, the trial court granted the Mavericks' motion for summary judgment. This appeal followed.

In its first issue, Hillwood argues the trial court erred in granting the Mavericks' motion for summary judgment. Specifically, Hillwood argues Finnerty's testimony raised a fact issue as to whether the Mavericks are insolvent.

One ground in the motion for summary judgment was there was no evidence of insolvency. A party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i). To avoid a no-evidence summary judgment, the non-moving party must bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to the element or elements attacked. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* On the other hand, the evidence amounts to no more than a scintilla if it is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.*

We review de novo a summary judgment granted on either no-evidence or traditional grounds, examining the entire record in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam). If the trial court's order does not specify the grounds

–4–

on which it granted summary judgment, we affirm if any of the grounds specified in the motion are meritorious. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

We affirm a no-evidence summary judgment if, as to an essential element of the claim or defense identified in the motion: (a) there is a complete absence of evidence; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered; (c) the evidence offered is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite. *See King Ranch*, 118 S.W.3d at 751.

A court that has jurisdiction over the property and business of a domestic entity may appoint a receiver for the entity if it is established that the entity is insolvent or in imminent danger of insolvency. TEX. BUS. ORGS. CODE ANN. § 11.404(a)(1)(A) (West 2012). "Insolvent" means a person who is unable to pay the person's debts as they become due in the usual course of business or affairs. *Id.* § 1.002(40). "Insolvency" means the inability of a person to pay the person's debts as they become due in the usual course of business or affairs. *Id.* § 1.002(39).

Receivership is an extraordinarily harsh remedy and one that courts are particularly loathe to utilize. *Indep. Am. Sav. Ass'n v. Preston 117 Joint Venture*, 753 S.W.2d 749, 750 (Tex. App.–Dallas 1988, no writ). The burden of proof to show the existence of circumstances justifying the appointment of a receiver rests on the party seeking the appointment. *Benefield v. State*, 266 S.W.3d 25, 32 (Tex. App.–Houston [1st Dist.] 2008, no pet.).

We note the records in this case were filed under seal. We have reviewed the records, and we conclude Hillwood did not present evidence raising a fact issue. Hillwood argues the Mavericks are insolvent because the Mavericks have not been able to fund their expenses from the operations of the team in the past, and they project that this inability will continue in the future. Hillwood argues the Mavericks similarly have no ability to repay the debts the team has already incurred. Hillwood's arguments focus on the Mavericks' inability to pay debts and

expenses from the income the team generates. Hillwood advances a definition of "insolvent" that is "prospective" in nature: the question, Hillwood argues, is not whether the Mavericks have paid all of their debts to date; the question is whether the Mavericks are able to pay all of their debts "as they become due." Hillwood asserts its definition of insolvency authorizes a receivership under section 11.404(a)(1)(A) when the entity already owes debts it is unable to pay *or* the entity's debt load is "fast approaching a level that is beyond its ability to pay." Hillwood asserts this does not mean, as the Mavericks "wish to construe it," that this Court must find "the entity has already defaulted in the payment of its debts or is expected to do so in the immediate future."

In support of its arguments, Hillwood cites Finnerty's assertion that "[t]he inability to pay debts as they come due is a forward-looking test, in which the financial analyst evaluates an entity's ability to meet all of its obligations as they mature." In forming his opinion that the Mavericks are "insolvent on a stand-alone basis," Finnerty essentially disregarded third-party contributions to the Mavericks even though Finnerty conceded the Mavericks were "entirely dependent" on those contributions. Hillwood cites no authority, and we have found none, to support an interpretation of "insolvency" that would involve disregarding a historical and ongoing pattern of continuing financial contributions from third parties. Further, even assuming the test for the inability to pay debts as they come due is a "forward-looking test," the test remains whether the entity is insolvent or in imminent danger of insolvency. *See* TEX. BUS. ORGS. CODE ANN. § 11.404(a)(1)(A) (West 2012). While the test for insolvency may "look forward," it may only look forward to determine whether insolvency is "imminent." *See id.* We do not interpret section 11.404(a)(1)(A) to permit a "look forward" to a hypothetical future in which third parties abandon the Mavericks, leaving them with the current debt and no ability to repay it on their own. We conclude Finnerty's affidavit raised no genuine issue of material fact

–6–

that the Mavericks are unable to pay their debts as they become due in the usual course of business or affairs. *See* TEX. BUS. ORGS. CODE ANN. § 1.002(40) (West Supp. 2014). Further, Hillwood did not raise an issue of fact about whether the Mavericks have failed to pay any debts as they have come due. Accordingly, the trial court did not err by granting summary judgment in favor of the Mavericks on Hillwood's claims. *See Chapman*, 118 S.W.3d at 751. We overrule Hillwood's first issue.

In its second issue, Hillwood argues the trial court abused its discretion in entering its order sealing certain documents. Court records are presumed to be open to the public, and a party seeking a sealing order must show:

> (a) a specific, serious, and substantial interest which clearly outweighs:
>
>> (1) this presumption of openness;
>>
>> (2) any probable adverse effect that sealing will have upon the general public health or safety; [and]
>
> (b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

TEX. R. CIV. P. 76a(1); *McAfee, Inc. v. Weiss*, 336 S.W.3d 840, 844 (Tex. App.–Dallas 2011, pet. denied). The party seeking to seal the court records must prove the elements of rule 76a(1) by a preponderance of the evidence. *Wood v. James R. Moriarty, P.C.*, 940 S.W.2d 359, 361 (Tex. App.–Dallas 1997, no pet.). We review the trial court's ruling on the rule 76a motion under an abuse of discretion standard. *Id.* The test for abuse of discretion is not whether the facts present a proper case for the trial court's action. *Id.* Rather, the test is whether the trial court acted without reference to any guiding rules or principles or acted in an arbitrary or unreasonable manner. *Id.* (citing *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241-42 (Tex. 1985). Rule 76a provides the guiding rules and principles for sealing court records. *Id.* An abuse of discretion does not exist when the trial court bases its decision on conflicting evidence. *Id.*

When we review matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Id.* Even if we would decide the issue differently, we may not disturb the trial court's decision unless it is arbitrary and unreasonable. *Id.* In a nonjury trial or hearing, the trial judge is the sole judge of the witnesses' credibility and the weight given their testimony. *Id.*

Here, the trial court's order granting the Mavericks' motion to seal stated the court's finding that the Mavericks and the NBA's "financial interests in the confidential, proprietary and/or trade secret nature of the materials" sealed constituted serious and substantial interests clearly outweighing the presumption of openness and any adverse effect sealing the materials might have on public health or safety. Further, the trial court found there were no less restrictive means other than sealing the records that would adequately and effectively protect the specific interests of the Mavericks and the NBA. The sealed documents contain financial projections, confidential financial information generated by the NBA, and current and past financial statements. The trial court had before it affidavits showing the confidential nature of the financial information contained in the sealed documents and the fact that collective bargaining negotiations were ongoing at the time. The trial court also had before it the documents themselves, which the trial court reviewed *in camera*. We have reviewed the record, and we conclude the trial court did not abuse its discretion in sealing the materials under rule 76a. *See* TEX. R. CIV. P. 76a; *McAfee*, 336 S.W.3d at 844. We overrule Hillwood's second issue.

We affirm the trial court's judgment.

111470F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HILLWOOD INVESTMENT
PROPERTIES III, LTD, Appellant

No. 05-11-01470-CV          V.

RADICAL MAVERICKS
MANAGEMENT, LLC, AND DALLAS
BASKETBALL LIMITED D/B/A DALLAS
MAVERICKS, Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-05639.
Opinion delivered by Justice Bridges.
Justices Moseley and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee RADICAL MAVERICKS MANAGEMENT, LLC, AND
DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS recover their costs of this
appeal from appellant HILLWOOD INVESTMENT PROPERTIES III, LTD.

Judgment entered August 21, 2014