In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-248 CV


____________________



COMPAQ COMPUTER CORPORATION, Appellant



V.



HAL LAPRAY, TRACY D. WILSON, JR., 


and ALISHA SEALE OWENS, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. A-162,152






O P I N I O N


 Compaq Computer Corporation ("Compaq") appeals the trial court's order
unsealing certain documents in this class action suit brought by appellees Hal Lapray,
Tracy D. Wilson, Jr., and Alisha Seale Owens, on behalf of themselves and others. We
affirm the trial court's order.

 This case began in federal court where appellee Lapray and Charles Thurmond, who
is not part of this state suit, filed a class action complaint asserting several causes of action. 
The federal plaintiffs alleged Compaq sold computers containing a defect causing the
storage of corrupt data or destruction of data without the user's knowledge. The parties
conducted extensive discovery in the federal case, which ultimately concluded with the
federal court's granting Compaq's motion for summary judgment on damages under the
Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (2000), and dismissing plaintiffs' civil
action. Declining supplemental jurisdiction over plaintiffs' remaining state law claims, the
federal court dismissed them without prejudice, and entered final judgment in March 2001.

 As the federal action was winding down, appellees filed their third amended petition
in this cause. Subsequently, the trial court here entered two orders - a protective order
regarding the handling of protected information during the pretrial phase and an agreed
order incorporating an agreed discovery control plan. 

 The protective order required appellees to file "Protected Information," including
confidential documents, discovery answers, or depositions, with a motion for a temporary
sealing order under Tex. R. Civ. P. 76a(5). (1) 

 The discovery control order provided that discovery from the federal case was to
remain in the appellees' possession as production in this case, with the parties here being
allowed to use the federal case discovery, subject to the discovery control order, the
protective order, and applicable Texas rules of procedure and evidence, as well as
applicable state law. The discovery control order also required appellees to file their
motion for class action certification, including "the complete basis for the relief requested,
brief, and copies of all existing evidence in support," by April 9, 2001, with an extended
deadline of several days being provided for the filing of evidence duplicating that already
filed in the federal case. 

 Appellees timely filed their motion for class certification and a Rule 76a(5) motion
for temporary sealing order, requesting that their motion for class certification and
supporting exhibits be temporarily sealed. Some of appellees' supporting exhibits included
information claimed by Compaq to be confidential. Appellees then posted public notice that
the trial court had granted their sealing request and set a Rule 76a(4) hearing for April 25,
2001. Compaq filed special exceptions to appellees' motion for certification, and requested
that appellees be required to refile their motion to include citations to specific pages of each
document relied upon and attach as exhibits only those pages, and file under seal only those
confidential documents upon which they rely, rather than "every confidential document
attached to a document upon which [they] rely." On April 25, 2001, the trial court denied
Compaq's special exceptions, and then began the Rule 76a hearing. Compaq appeals the
order from this hearing. 

 To review a trial court's ruling on a motion to seal records, we employ an abuse of
discretion standard. See General Tire, Inc. v. Kepple, 970 S.W.2d 520, 526 (Tex.1998).
The test for determining abuse of discretion is not whether the facts before the trial court 
presented an appropriate case for its action. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). Instead, the test is whether the trial court acted without
reference to any guiding rules or principles or, said differently, whether it acted in an
unreasonable or arbitrary manner. Kepple, 970 S.W.2d at 526 (citing Downer, 701 S.W.2d
at 241-42.) A trial court does not abuse its discretion when it bases its decisions on
conflicting evidence. See Kepple, 970 S.W.2d at 526 (citing Davis v. Huey, 571 S.W.2d
859, 862 (Tex. 1978)).

 Rule 76a of the Texas Rules of Civil Procedure provides the guiding rules and
principles for sealing court records. Dunshie v. General Motors Corp., 822 S.W.2d 345,
347 (Tex. App.--Beaumont 1992, no writ). Under subsection one, court records 

 are presumed to be open to the general public and may be sealed only upon
a showing of all of the following: 


 (a) a specific, serious and substantial interest which clearly outweighs:


 (1) this presumption of openness;


 (2) any probable adverse effect that sealing will have upon the
general public health or safety;


 (b) no less restrictive means than sealing records will adequately and
effectively protect the specific interest asserted. 


Tex. R. Civ. P. 76a(1). 


 Two other sections important for our review are subsections two and seven. 
Subsection two, with certain exceptions not relevant here, defines court records as (a) "all
documents of any nature filed in connection with any matter before any civil court"; (b)
settlement agreements not filed of record; and (c) discovery, "not filed of record,
concerning matters that have a probable adverse effect upon the general public health or
safety, or the administration of public office, or the operation of government . . .." Tex. 
R. Civ. P. 76a(2). Further, subsection seven provides that the burden of making the 76a(1)
showings "shall always be on the party seeking to seal the records." Tex. R. Civ. P. 
76a(7). 

 Compaq brings six issues. 

 In its first issue, Compaq asserts that the trial court abused its discretion by refusing
to adjudicate Compaq's challenge to the discoverability of the documents at issue prior to
conducting the Rule 76a hearing. Compaq argues that where the litigants have entered into
a discovery agreement, the trial court abuses its discretion if it fails to conduct discovery
in conformance with the agreement. The key provision of the discovery plan upon which
Compaq relies is paragraph 6D. (2) That paragraph preserves the parties' rights to object to
documents on relevance, discoverability, or admissibility grounds. 

 However, the protective order provides that after documents are filed with a request
for a temporary sealing order under TRCP 76a(5), as appellees did here, "[a]ll activities
thereafter with respect to said motion shall comply with TRCP 76a . . .." Rule 76a
contains no requirement that the trial court determine the discoverability of court records
prior to determining whether to seal or unseal those records. Only under the 76a(2)(a)(1)
exception - for documents filed in camera "solely for the purpose of obtaining a ruling on
the discoverability of such documents" - must the issue of discoverability be decided before
the documents may become court records. The rule contains no such requirement for other
documents and the documents here were not filed in camera. As explained in issue two,
the documents here are court records. Thus, it is apparent there is a conflict between
certain provisions of the discovery plan and the protective order. However, the discovery
plan itself provides that "[a]ll discovery in this State case, including without limitation the
discovery from the Federal Case, shall be governed by the Protective Order entered in this
case." Thus, we cannot say the trial court abused its discretion if it followed the provisions
of the protective order rather than those of the discovery plan. See Kepple, 970 S.W.2d
at 526. Issue one is overruled.

 In issue two, Compaq relies on Kepple, 970 S.W.2d 520 and Eli Lilly and Co. v.
Biffle, 868 S.W.2d 806, 808 (Tex. App.--Dallas 1993, no writ) to support its argument that
the trial court abused its discretion in not determining whether the documents at issue were
legitimately "court records" under Rule 76a before conducting a hearing regarding whether
the documents should be sealed. In construing Rule 76a, we first consider the rule's plain
language. See, e.g., Burrhus v. M&S Supply, Inc., 933 S.W.2d 635, 640 (Tex. App.--San
Antonio 1996, writ denied). 

 Both of the cases upon which Compaq relies are distinguishable. They deal with
discovery not filed of record under 76a(2)(c) and the determination of whether such
documents met the rule's criteria for being court records. See Kepple, 970 S.W.2d at 525-26; Biffle, 868 S.W.2d at 808. 

 Rule 76a(2)(c) provides for unfiled discovery to become court records only if the
documents concern matters having a "probable adverse effect upon the general public health
or safety, or the administration of public office, or the operation of government." Tex. R.
Civ. P. 76a(2)(c). The rule requires the trial court to determine the "probable adverse
effect" issue regarding questioned documents and, in so doing, consequently determine
whether the documents are court records. The rule requires no such determination for filed
documents. See Tex. R. Civ. P. 76a(2)(a). 

 Rather, Rule 76a provides that "all documents of any nature" are "court records"
if they meet only two requirements. Tex. R. Civ. P. 76a(2)(a). First, they must be "filed
in connection with any matter before any civil court," and, second, they must not be 
documents excepted by the rule. (3) Id. As the documents here are "filed" documents within
the meaning of the rule, the trial court was not required to conduct a Kepple inquiry before
determining the sealing issue. Issue two is overruled.

 In its third issue, Compact contends the trial court abused its discretion in finding
that documents that did not relate to issues raised by the class certification motion were
"court records" under Rule 76a. According to Compaq, "thousands" of pages of
documents submitted by [appellees] had absolutely no connection with any issue raised by
[their] motion for class certification and are not court records. Under the plain meaning
of Rule 76a(2)(a), the documents at issue here became court records when they were filed
by appellees in connection with their class certification motion. As Rule 76a(2)(a) provides
support for the trial court's ruling, we cannot say the trial court acted without reference to
any guiding rules and thus abused its discretion. See Kepple, 970 S.W.2d at 526. Issue
three is overruled.

 In issue four, Compaq maintains that the trial court's finding that the documents
were court records under Rule 76a(2)(c)is an abuse of discretion as appellees presented no
evidence regarding the probability of any adverse effect on public health and safety. The
trial court made this alternative finding under subsection (2)(c) of the rule, which deals with
unfiled discovery. As we have already determined under issue two that the documents here
are "filed" documents within the meaning of the rule 76a(2)(a), and, thus, court records,
we need not address the trial court's alternative finding. 

 In its fifth issue, Compaq asserts that the trial court abused its discretion in
conducting the balancing of interests required by Rule 76a(1). Compaq argues that its
interest in protecting its trade secrets clearly outweighs any presumption of openness and
that the trial court abused its discretion in finding that the opinion of appellees' expert
established a public health and safety concern outweighing Compaq's interest in preserving
its trade secrets. 

 Rule 76a(1), (7) mandates that Compaq, the party seeking to seal records, had the
burden to show both that (a) it had a "specific, serious and substantial interest" clearly
outweighing (1) the presumption of openness afforded by the rule to court records, as well
as (2) any probable adverse effect that sealing would have on the general public health or
safety and that (b) there was no less restrictive means other than sealing the records that
would adequately and effectively protect its specific, asserted interest. See Tex. R. Civ.
P. 76a(1), (7).

 Clearly, as the trial court found, Compaq failed to carry its burden to show the "no
less restrictive means" or second prong of subsection (1). In fact, Compaq does not even
assert that it proved the second prong of subsection (1). Rather, it relies on Kepple to argue
there is no less restrictive means other than sealing court records, which contain
predominantly trade secret information, that "can adequately and effectively protect a
party's interest in its confidential information and trade secrets." Apparently, Compaq's
argument is "if it's a trade secret, it must be sealed as a matter of law." 

 But Kepple does not support Compaq's contention, and neither does a later Supreme
Court case, In re Continental General Tire, Inc., 979 S.W.2d 609 (Tex. 1998). In Kepple,
one question involved the correct procedure for determining whether unfiled discovery was
to be considered a court record. See 970 S.W.2d 525-26. The Kepple Court was
concerned with the harm of allowing intervenors to have access to unfiled discovery prior
to its having been determined to be a court record. Id. at 524-25. And in Continental
General Tire, the Texas Supreme Court noted that trade secrets determined to be court
records may be sealed upon a showing that they meet the criteria specified in Rule 76a(1).
See 979 S.W.2d at 614. One of the criteria of subsection (1) is the showing of "no less
restrictive means," which Compaq failed to make. Issue five is overruled.

 In issue six, Compaq contends the trial court abused its discretion in finding that
Compaq intentionally waived the confidentiality of the deposition transcripts of its
employees. Compaq asserts that both parties and the federal court consistently treated this
information as confidential. Compaq also argues that no evidence before the trial court
showed facts or circumstances indicating any intent by Compaq to waive confidentiality
regarding these depositions and documents. What Compaq does not argue, however, is that
it took the steps required by the protective order to protect such information. 

 For depositions taken in the federal case, section 3.5 of the order provides that the
transcript would maintain whatever confidentiality status it had on March 7, 2001. 
Further, the protective order does not extend the time to designate portions of the federal
case depositions as confidential. For other depositions, the order requires the parties to
either designate confidential or protected information on the record at the deposition, or,
alternatively, within ten days of the mailing of the transcript by the court reporter. 

 The trial court could have considered Compaq's noncompliance with the order as
intentional conduct inconsistent with claiming confidentiality. See Tenneco, Inc. v.
Enterprise Prods. Co., 925 S.W.2d 640, 643 (Tex. 1996). Thus, we cannot say the trial
court acted without reference to any guiding rules or principles and thereby abused its
discretion. Issue six is overruled.

 Compaq also argues that the trial court abused its discretion in unsealing documents
based on its conclusion that Compaq failed to demonstrate that less restrictive means than
sealing the records could not adequately and effectively protect Compaq's interest in
preserving its trade secrets. (4) Compaq asserts the trial court "specifically held that redaction
may be a less restrictive approach to shielding confidential information from public view,"
and that this holding explicitly recognizes that Compaq has a "legitimate interest in
protecting confidential business information and trade secrets contained in these
documents." However, the trial court did not hold specifically that redaction may be a less
restrictive approach, as claimed by Compaq. What the trial court did was order that the
redacted portions of some documents be sealed "in the interests of justice." Moreover, the
issue is not whether there was a "less restrictive" means available other than sealing to
protect Compaq's interests, but whether Compaq showed there was no "less restrictive"
means available. That the trial court decided to seal portions of some documents does not
relieve Compaq of its burden to meet the criteria under Rule 76a(1) to show there was no
less restrictive means available if it were to be successful in sealing all of the documents. 
As Compaq failed to do so, the trial court did not abuse its discretion.

 Accordingly, all of Compaq's issues are overruled and the trial court's order is
affirmed.

 AFFIRMED.




 DON BURGESS

 Justice


Submitted on March 7, 2002

Opinion Delivered May 9, 2002

Publish


Before Walker, C.J., Burgess and Hill (5), JJ.
1. Pertinent provisions of the protective order are found in section 8, as follows:


 8.1 If a party files confidential documents, discovery answers,
depositions, or other Protected Information, then same shall be filed under
motion for a temporary sealing order under TRCP 76a(5). All activities
thereafter with respect to said motion shall comply with TRCP 76a . . .. 
The filing of said motion, affidavit or verified petition or posting or filing of
notice thereof (or both), shall be without prejudice to the moving party's
objection to and right to oppose the sealing of the filing in whole or in part. 
If a party files a motion for a temporary sealing order or posts or files notice
thereof (or both), such motion and notice is not an admission that the motion
is well founded or that the affected items should be sealed.


 8.2 The filing of a motion under §8.1 and the issuance of a
temporary order shall not reduce in any way the burden of proof of the
Disclosing Party at the hearing required by paragraph 4 of TRCP 76a.
2. Paragraph 6D of the discovery control order provides:


 If . . . either party contends that any documents, initial disclosures,

 interrogatory answers, things, and depositions in the Federal Case . . . is or
are not relevant to any claim in this State case or is or are not discoverable
or admissible or should be produced and used only subject to an additional
protective order, such claims are preserved and not affected by this Order. 
Without pre-judging such contention if made, nothing in this Order affects
either party's right to object, at any time in these proceedings, to the use or
admissibility of any documents, initial disclosures, interrogatory answers,
things, and depositions in the Federal Case. Any party may use and file
discovery from the Federal Case until such time as this Court directs
otherwise. 
3. Excepted documents are those that are (1) filed with a court in camera solely for
the purpose of obtaining a ruling on the discoverability of such documents; (2) in court
files to which access is otherwise restricted by law; and (3) filed in an action originally
arising under the Family Code. See Tex. R. Civ. P. 76a(2)(a).
4. Though Compaq did not set forth this argument as an issue in the "Issues
Presented" section of its brief as required by Rule 38.1(e) of the Texas Rules of Appellate
Procedure, we consider the argument as an issue under Tex. R. App. P. 38.1(e), 38.9. 
5. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).