In re BROWNING–FERRIS INDUS-
TRIES, INC. and Azusa Land
Reclamation, Inc.

Browning–Ferris Industries, Inc. and
Azusa Land Reclamation, Inc.,
Appellants,

v.

United States Fire Insurance Company
and TIG Insurance Company,
Appellees.

Nos. 14–07–00899–CV, 14–07–01080–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 28, 2008.

David J. Beck, Houston, William G. Beck, Kansas City, MO, for relator in No. 14-07-00899-CV.

David J. Beck, David W. Jones, Houston, William G. Beck, Kansas City, MO, for relator in No. 14-07-01080-CV.

Harvey G. Brown, Jr., Houston, P. Michael Jung, Dallas, for real parties in interest in No. 14-07-00899-CV.

Ed Junnell, Francisco Vazquez, Harvey G. Brown, Jr., James R. Lewis, Joseph A. Zeimianski, Michael S. Hays, Thomas C. Wright, Richard A. Schwartz, Houston, James E. Fitzgerald, Los Angeles, CA, John B. Haarlow, Chicago, IL, P. Michael Jung, Dallas, Richard N. Dicharry, New Orleans, LA, Stephen E. Goldman, Hartford, CT, for real parties in interest in No. 14-07-01080-CV.

---

* Senior Justice Frank C. Price sitting by assignment.

1. The appeal is authorized under Texas Rule of Civil Procedure 76a(8). Tex.R. Civ. P. 76a(8). Under that provision, a sealing order is deemed to be both severed from the ongoing case and a final appealable judgment.

Panel consists of Chief Justice HEDGES, Justice BOYCE and Senior Justice PRICE.*

## OPINION

ADELE HEDGES, Chief Justice.

In this matter, we have consolidated a mandamus proceeding, seeking to overturn an order compelling discovery responses, with an appeal, seeking to have the records sealed in the event the production order stands.[1] The litigation below is an insurance coverage dispute. Appellants/relators, Browning–Ferris Industries, Inc. and Azusa Land Reclamation, Inc., sued several of their insurers, including appellees/real-parties-in-interest United States Fire Insurance Company and TIG Insurance Company, seeking coverage for liabilities incurred in defending superfund-related allegations.[2] The orders at issue in the mandamus and appeal concern production of the case file of appellants'/relators' attorney in the underlying superfund matter as well as his refusal to respond to certain deposition questions. The trial court ordered the file produced and the questions answered but refused to order the documents and responses sealed. We deny the writ of mandamus and reverse and remand the sealing order.

### Background

Appellants/relators operated a landfill in the San Gabriel Valley in California. In 1984, portions of the Valley were added to the national superfund list. In May 1990, the EPA notified appellants/relators and numerous other entities that they were

*Id.; Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 n. 13 (Tex.1992).

2. There are additional plaintiffs and defendants in this litigation which are not parties to the current mandamus or appeal.

potentially responsible parties ("PRPs") for the San Gabriel Valley Superfund Site. In 1994, the EPA ordered the PRPs to undertake cleanup of the site. Appellants/relators and seven other PRPs then signed an implementation agreement and two separate allocation agreements. Under these agreements, each of the PRPs agreed to fund a certain percentage of the cleanup costs. In 2002, the EPA approved a further agreement between various water authorities and PRPs related to cleanup at the site. Throughout defense of the underlying contamination allegations and negotiation of all of the aforementioned agreements, attorney Martin McTigue operated as appellants'/relators' primary counsel.

In 1998, appellants/relators filed the present lawsuit seeking to recover cleanup and defense costs related to the site from its insurers, including appellees/real-parties-in-interest. As part of their effort to demonstrate that the settlements reached in the underlying matter were reasonable, appellants/relators designated attorney McTigue as an expert. He prepared a report regarding the reasonableness of the settlements, and this report was shown to various other fact and expert witnesses and was used in response to a partial motion for summary judgment. Appellees/real-parties-in-interest then served McTigue with a deposition notice that included a subpoena duces tecum requesting production of his entire file concerning the underlying matter. In response to the subpoena, appellants/relators asserted attorney-client and work product privileges. McTigue also refused to answer most of the questions put to him during the deposition. Appellees/real-parties-in-interest filed a motion to compel discovery, again seeking McTigue's file and answers to deposition questions. Appellants/relators resisted the motion and filed their own motion to seal the documents and responses in the event the trial court granted the motion to compel. Appellants/relators additionally attempted to re-designate McTigue from an expert witness to a fact witness and subsequently attempted to de-designate him as a witness altogether. They also de-designated certain other experts who had viewed McTigue's report. Nevertheless, the trial court granted the motion to compel and denied the motion to seal.

During discussion of the motion to seal, appellants/relators emphasized the possibility that parties interested in the underlying superfund matter could seek reallocation of liability or additional cleanup measures. The trial judge emphasized a perceived inability of appellees/relators to demonstrate that their interest in having the records sealed substantially outweighed any interest the public might have in keeping the records open. In his order denying the sealing motion, the trial judge stated that the record before him "did not meet the standard to seal records" under Rule 76a of the Texas Rules of Civil Procedure. Appellants/relators filed a writ of mandamus in this court seeking to overturn the trial court's order to compel. They also filed a direct appeal of the trial court's refusal to seal the documents and deposition responses.

### Mandamus: Production Order

In a post-submission letter brief, counsel for appellants/relators stated that "should the Court reverse the trial court's decision to deny a sealing order, the documents can and would be produced without the necessity of a ruling on the privilege issues." Counsel further suggested that the issues in the mandamus proceeding "would be rendered moot" should we reverse the trial court's denial of a sealing order. Based on these statements and our holding below that the trial court erred in refusing to

seal the documents, we deny the writ of mandamus as moot.

### Appeal: Sealing Order

In a single issue in their direct appeal, appellants/relators contend that the trial court erred in refusing to seal the records ordered produced from McTigue's file as well as McTigue's deposition answers. Appellees/real-parties-in-interest did not oppose the sealing motion in the trial court, and they do not contest the appeal.

■ Texas Rule of Civil Procedure 76a(1) provides as follows:

> Standard for Sealing Court Records. Court records may not be removed from court files except as permitted by statute or rule. No court order or opinion issued in the adjudication of a case may be sealed. Other court records, as defined in this rule, are presumed to be open to the general public and may be sealed only upon a showing of all of the following:
>
> (a) a specific, serious and substantial interest which clearly outweighs:
>
> (1) this presumption of openness;
>
> (2) any probable adverse effect that sealing will have upon the general public health or safety;
>
> (b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

Tex.R. Civ. P. 76a(1). Under Rule 76a(2), discovery materials can be considered "court records" under Rule 76a(1) even if not filed with the court. *Id.* 76a(2); *Gen. Tire, Inc. v. Kepple,* 970 S.W.2d 520, 523–

25 (Tex.1998).[3] A trial court's determinations under Rule 76a are reviewed under an abuse of discretion standard. *Gen. Tire,* 970 S.W.2d at 526. This is because Rule 76a does not require the court to make factual findings, but rather requires it to balance the public's interest in open court proceedings against an individual litigant's personal or proprietary interest in privacy. *Id.*

■ To meet their burden of showing a "specific, serious and substantial interest," appellants/relators emphasized two related points: (1) the importance of the attorney-client and work product privileges, and (2) the fact that parties interested in the underlying superfund matter may seek to reallocate liability among the PRPs or to require additional cleanup measures at the site. Regarding the first argument, concerning the importance of the privileges, the trial court found that appellants/relators at least to some degree waived these privileges when they identified McTigue as a witness, and appellants/relators have now effectively waived their arguments seeking to overturn the trial court's ruling. Even so, appellants/relators still have an interest in limiting access to communications and documents intended to have been confidential and privileged. *See generally In re George,* 28 S.W.3d 511, 514 (Tex. 2000) (suggesting Rule 76a as a method to protect against further disclosure of confidential information given in attorney-client context); *Judwin Props., Inc. v. Griggs & Harrison, P.C.,* 981 S.W.2d 868, 871 n. 3 (Tex.App.–Houston [1st Dist.] 1998) (O'Connor, J., dissenting) (suggesting that

---

**3.** No party or intervenor has disputed that the materials at issue here are court records. Both appellants/relators and the trial court assumed that the materials were court records governed by Rule 76a. Accordingly, we need not address that issue in this opinion. *See Gen. Tire,* 970 S.W.2d at 525 (requiring threshold determination of whether discovery materials are court records only when party or intervenor raises issue); *Upjohn Co. v. Freeman,* 906 S.W.2d 92, 95–96 (Tex.App.–Dallas 1995, writ denied) (stating trial court may not presume that discovery materials are court records if the issue is contested).

if party felt it was necessary to divulge confidential attorney-client information in lawsuit, it could have then sought a sealing order under Rule 76a), *pet. denied,* 11 S.W.3d 188 (Tex.2000) (per curiam). This is particularly so in light of the point made in their second argument that interested parties may seek to reassess certain facets of the underlying superfund matter. Appellants/relators supported this argument in the trial court with an affidavit from McTigue and, subsequently, an affidavit from Jo Lynn White, corporate counsel for BFI, which was attached to the motion for reconsideration. In short, public release of McTigue's file and deposition responses could give potentially adverse parties a detailed look at appellants'/relators' conduct of the underlying litigation, including their formation of defenses and strategies and cost benefit analyses. Thus, based on the fact that the materials in question were originally intended to be confidential and that the underlying matter may not be finally resolved, appellants/relators have established a "specific, serious and substantial interest" in having the records sealed.

■ Next, we turn to the question of whether the identified interest "clearly outweighs" (1) the presumption of openness and (2) "any probable adverse effect [on] the general public health or safety." In the trial court's order denying the motion to seal, the court specifically stated that the requirement of the interest's outweighing any probable adverse effects had not been met. In support of their position that their identified interest would clearly outweigh any adverse effects, appellants submitted affidavits by McTigue and White, in which they averred that there would be no such adverse effects if the court sealed the discovery records at issue.

■ It would be difficult for a litigant who is seeking a sealing order to prove a negative, *i.e.,* that there will probably be no adverse effects. However, Rule 76a does not place on the movant the burden of proving the exact nature and likelihood of adverse effects on the public. Instead, Rule 76a provides mechanisms for a non-movant party or intervenor nonparty to demonstrate the probable existence of such adverse effects. The rule requires both public notice of the proceedings and a public hearing. Tex.R. Civ. P. 76a(3), (4). It also specifically references a prospective role for intervenors. *Id.* 76a(4),(7), (8). Here, no party or intervenor came forward to argue that a sealing order would probably result in adverse effects for public health or safety.[4] In the absence of evidence or argument regarding the probability of adverse effects, it would be unwarranted to assume that any such probable effects would be so great that the movant's identified interest could not clearly outweigh them.[5] Based on the foregoing, we find that appellants'/relators' identified interests clearly outweighed the general presumption of openness and any probable adverse effects specific to this case.

4. It should also be mentioned that the trial court expressly declined to examine McTigue's file or deposition responses *in camera.*

5. The *General Tire v. Kepple* case is instructive but not necessarily controlling on this issue. 970 S.W.2d 520. In that case, the Texas Supreme Court considered whether the *non-movant* had sufficiently demonstrated that the sealing of the discovery responses in question would have a probable adverse effect on public health or safety as part of determining whether the responses should be considered "court records" under Rule 76a. *Id.* at 527. As discussed above, the trial court and appellants/relators here assumed that the responses qualified as court records. Even so, the analysis in *General Tire* supports the position that it is not the movant's burden to demonstrate the exact nature and likelihood of adverse effects.

Lastly, there is no indication in the record that any less restrictive means than sealing the records exists for adequately protecting appellants'/relators' stated interest. Appellants'/relators' interest is in protecting McTigue's file and responses from disclosure to other parties interested in the underlying superfund matter. No way to accomplish this goal short of sealing the records has been identified. Accordingly, we sustain appellants'/relators' sole issue on appeal.

### Disposition

We deny appellants'/relators' writ of mandamus, leaving the trial court's order compelling production of certain documents and deposition responses intact. However, we reverse the trial court's order denying appellants'/relators' motion to seal the documents and remand for entry of an appropriate sealing order. *See Gen. Tire,* 970 S.W.2d at 529 (remanding to trial court for reinstatement of sealing order).