McAFEE, INC., Appellant,

v.

Kevin M. WEISS, Appellee.

No. 05–09–01102–CV.

Court of Appeals of Texas,
Dallas.

March 16, 2011.

Leane C. Medford, Elrod, PLLC, Dallas, TX, for Appellant.

N. Scott Fletcher, Jones Day, Houston, TX, Thomas S. Leatherbury, Vinson & Elkins, L.L.P., Dallas, TX, for Appellee.

Before Justices FITZGERALD, LANG–MIERS, and FILLMORE.

## OPINION

Opinion By Justice FITZGERALD.

Appellee Kevin M. Weiss filed a petition to confirm an arbitration award he had obtained against appellant McAfee, Inc. He attached a copy of the award to the petition. McAfee filed a motion to seal the award under Texas Rule of Civil Procedure 76a. The trial court denied McAfee's motion. McAfee appealed. We affirm.

## I. BACKGROUND

Weiss was formerly president of McAfee. McAfee terminated Weiss's employment in October 2006. Weiss commenced an arbitration proceeding against McAfee, asserting claims related to the termination of his employment. According to McAfee, the arbitration was conducted subject to an agreed protective order that allowed the parties to mark exhibits and deposition testimony as "Confidential" or "Attorneys' Eyes Only." McAfee also asserts that some of the witnesses in the arbitration were certain McAfee employees who were told by Weiss's counsel that they would not be identified and that their testimony would remain confidential (the "confidential witnesses"). After a final hearing, the arbitrator signed an award in which he ruled in Weiss's favor. The award is eighteen pages long and is supported with numerous citations to exhibits and witness testimony. According to McAfee, the award identifies the confidential witnesses by name.

In June 2009, Weiss filed a petition to confirm the arbitration award. He attached a copy of the arbitrator's award to his petition. McAfee filed a motion to seal the petition and the award and requested a temporary sealing order. Weiss filed a response opposing the relief requested by McAfee. The trial judge held a hearing and signed a temporary sealing order on July 13, 2009. In that order, the judge set McAfee's motion to seal for further hearing on a later date.

The trial judge heard McAfee's motion to seal on August 24, 2009. That same day, the judge signed a document entitled "Memorandum Re: Request for Sealing Order." In that memorandum, the judge stated that McAfee had not met its burden under the Texas Rules of Civil Procedure to justify sealing the petition and award. The judge recited that the parties had agreed to redact certain parts of the award, and he requested the parties to submit their proposed redactions as soon as possible. The judge further stated that the temporary sealing order would remain in effect until the redaction issue was resolved. The judge concluded the memorandum by stating that he would "by separate Order vacate the Temporary Sealing Order issued on July 13, 2009 and grant Plaintiff's Motion to Confirm Arbitration Award." Three days later, Weiss filed a motion requesting entry of a final order denying McAfee's motion to seal. In that motion, Weiss advised the court that the parties could not agree on redactions to the arbitration award. Weiss also filed a proposed redacted arbitration award in which he claimed to have obscured the names of all of the confidential witnesses.

McAfee filed a motion for reconsideration and, in the alternative, motion to modify the court's memorandum. Weiss filed a response to that motion. McAfee then

filed a notice of appeal from the August 24 memorandum on September 14, 2009. On Weiss's motion, we issued an order abating the appeal so that the trial court could render a final order in the case. By that same order, we ordered the trial court's temporary sealing order to remain in effect pending disposition of the appeal.

The trial judge then conducted a hearing and, on November 23, 2009, signed a final order in which he denied McAfee's motion for a sealing order, vacated the temporary sealing order, and confirmed the arbitration award. Although the judge denied the motion to seal, he also ordered the redacted version of the award submitted by Weiss to be substituted in the record for the award Weiss had previously filed with his petition to confirm arbitration award. It appears that the names of the confidential witnesses are obscured in that redacted award. We reinstated the appeal.

## II. APPELLATE JURISDICTION

■ Weiss contends that we lack jurisdiction to review the trial court's November 23 final order denying McAfee's motion for a sealing order because McAfee did not file a separate notice of appeal from that order. Weiss relies on Rule 76a(8), which provides, "Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order." TEX.R. CIV. P. 76a(8). Weiss argues that the trial court's August 24 memorandum was an "order" within the meaning of Rule 76a(8) and was thus a severed, appealable judgment under that rule. According to Weiss, McAfee's notice of appeal related only to the August 24 memorandum, and McAfee should have filed a

second notice of appeal after the trial judge signed the final order, and then moved to consolidate the two appeals.

We conclude that we do have jurisdiction over the November 23 final order denying McAfee's motion for a sealing order. In our view, the trial court's August 24 memorandum was not an "order" within the meaning of Rule 76a(8). *See Still v. Eastman Chem. Co.,* No. 06–05–00052–CV, 2005 WL 946878, at *1 (Tex.App.-Texarkana April 26, 2005, no pet.) ("The trial court's findings of fact and conclusions of law do not constitute a final, appealable order."). Although the August 24 memorandum contains a finding that McAfee had not carried its burden of proof, it does not grant or deny the relief sought by McAfee in its motion to seal court records, and it expressly contemplates a subsequent order to dispose of the controversy. Thus, we treat McAfee's September 14 notice of appeal as prematurely filed under Texas Rule of Appellate Procedure 27, and we give it effect with respect to the trial court's November 23 order denying McAfee's motion to seal. *See* TEX.R.APP. P. 27.1(a).

Moreover, we note that Rule 76a(8) specifically provides that "[t]he appellate court may abate the appeal and order the trial court to direct that further public notice be given, or to hold further hearings, or to make additional findings." TEX.R. CIV. P. 76a(8). In this case, we abated the appeal in order to permit the trial court to make a "final order concerning the redacted arbitration award," and we instructed the trial court to transmit any such final order to us in a supplemental clerk's record. Thus, we plainly contemplated a further trial-court order that would become part of this appeal.

We conclude that we have jurisdiction to review the November 23 order denying McAfee's motion to seal court records.

## III. ANALYSIS

McAfee asserts two issues on appeal challenging the trial court's denial of its motion to seal. First, McAfee contends that the trial court abused its discretion because the arbitration award is not a "court record" within the meaning of Rule 76a. Second, McAfee contends that even if the award is a "court record," the trial court abused its discretion under the standards set forth in Rule 76a.

### A. Standard of review

■ We review an order denying a motion to seal for abuse of discretion. *See Gen. Tire, Inc. v. Kepple,* 970 S.W.2d 520, 526 (Tex.1998) ("Rule 76a decisions must be reviewed for abuse of discretion."). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003).

### B. Whether the arbitration award is a "court record"

■ In its first issue, McAfee argues that Weiss bore the initial burden of establishing that the arbitration award was a "court record" within the meaning of Rule 76a, and that he failed to do so. Therefore, McAfee concludes, the trial court abused its discretion by denying McAfee's motion to seal. Weiss argues that McAfee has waived this argument by failing to preserve it in the trial court. Weiss argues in the alternative that the arbitration award was a court record.

We consider Weiss's waiver argument first. Under Rule 76a(1), "court records" are presumed to be open to the general public and may be sealed only if certain elements are shown. TEX.R. CIV. P. 76a(1). By contrast, "[a]ccess to documents in court files not defined as court records by this rule remains governed by existing

law." TEX.R. CIV. P. 76a(9). Weiss contends that McAfee did not preserve in the trial court the issue of whether the award is a court record. McAfee responds that it adequately raised the issue in its motion to seal, during the hearing on its request for a temporary sealing order, and during the August 24 hearing on its motion to seal. We disagree. We have reviewed the record, and the first time McAfee adequately raised this issue was in its motion for reconsideration. We see nothing in the record indicating that the trial court considered or ruled on the motion for reconsideration. *See AIS Servs., LLC v. Mendez,* No. 05–07–01224–CV, 2009 WL 2622391, at *2–3 (Tex.App.-Dallas Aug. 27, 2009, no pet.) (mem. op.) (refusing to recognize an implied ruling on a motion that was not brought to trial court's attention). The reporter's record from the hearing that was held after we abated the appeal reflects that Weiss objected to McAfee's new argument that the award was not a "court document" and contended that "it"—apparently meaning either the argument or the motion for reconsideration—was not before the trial court. We conclude that McAfee failed to preserve its first issue on appeal.

■ Alternatively, assuming that McAfee adequately preserved its first issue on appeal, we reject it on the merits. "When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning." *In re Christus Spohn Hosp. Kleberg,* 222 S.W.3d 434, 437 (Tex.2007) (orig. proceeding). We conclude that the arbitration award plainly comes within the definition of "court records" found in Rule 76a. The rule provides in pertinent part:

For purposes of this rule, court records means:

(a) all documents of any nature filed in connection with any matter before any civil court, except:

    (1) documents filed with a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents;

    (2) documents in court files to which access is otherwise restricted by law;

    (3) documents filed in an action originally arising under the Family Code.

Tex.R. Civ. P. 76a(2)(a). The arbitration award is a document, and Weiss filed it in connection with a matter before a civil court, namely his petition to confirm the award. *See Nguyen v. Dallas Morning News, L.P.,* No. 2–06–298–CV, 2008 WL 2511183, at *3 (Tex.App.-Fort Worth June 19, 2008, no pet.) (mem. op.) (for purposes of Rule 76a, a document is "filed" if "it is delivered or tendered to, or otherwise put under the custody or control of, the court's clerk"). The document does not appear to fit any of the three exceptions to the definition of "court records" found in Rule 76a(2)(a)(1)-(3), and indeed McAfee does not contend that it does. Thus, under the plain language of the rule, the arbitration award is a court record.

McAfee argues that the award is not a court record because the evidence established that the award was subject to confidentiality agreements by the parties and confidentiality orders by the arbitrator. McAfee also argues that the award refers to arbitration witnesses who were told that they would not be identified and that their testimony would be kept confidential. But even assuming the truth of McAfee's factual assertions, we conclude that those facts do not prevent the arbitration award from being a court record within the meaning of Rule 76a. If a document is filed in connection with a matter before a civil court, it is

a court record unless it fits one of the exceptions listed in Rule 76a(2)(a)(1)-(3). *Compaq Computer Corp. v. Lapray,* 75 S.W.3d 669, 673 (Tex.App.-Beaumont 2002, no pet.). The rule contains no exception for documents subject to private confidentiality agreements or for documents that are covered by an arbitrator's confidentiality order. Thus, assuming McAfee preserved its argument that the award was not a court record, we conclude the trial judge did not abuse his discretion by concluding that it was.

We reject McAfee's first issue on appeal.

**C. Whether McAfee has demonstrated an abuse of discretion under Rule 76a(1)**

■ In its second issue, McAfee argues that it met its burden under Rule 76a(1) and the trial judge abused his discretion by refusing to seal the arbitration award. McAfee's argument is without merit.

Court records are presumed to be open to the public, and a party seeking a sealing order must show:

(a) a specific, serious and substantial interest which clearly outweighs:

    (1) this presumption of openness;

    (2) any probable adverse effect that sealing will have upon the general public health or safety; [and]

(b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

Tex.R. Civ. P. 76a(1). The trial judge found that McAfee failed to carry its burden under Rule 76a(1) without specifying which element or elements McAfee had failed to prove. Thus, the question is whether the judge acted unreasonably and arbitrarily in concluding that McAfee had failed to carry its burden as to at least one essential element. *See Upjohn Co. v.*

*Freeman,* 906 S.W.2d 92, 95 (Tex.App.-Dallas 1995, no writ) ("[W]e may not disturb the trial court's decision unless it is arbitrary and unreasonable.").

We first consider whether McAfee established beyond reasonable disagreement that there was a "specific, serious and substantial interest" in confidentiality that clearly outweighed the presumption of openness to the public.[1] We conclude it did not. McAfee asserts that it has an interest in keeping the award confidential because it contains many references to arbitration testimony, exhibits, and depositions that were themselves confidential pursuant to the agreement of the parties, the rules of the American Arbitration Association, an agreed protective order signed by the arbitrator, and the representations of confidentiality made to the confidential witnesses. We discount the need to keep the award confidential due to representations made to the confidential witnesses because the trial court has redacted their names from the award and McAfee has not argued that the redaction is insufficient to protect those witnesses' identities and their interest in privacy. This leaves only McAfee's general assertions that it has an interest in keeping confidential matters that Weiss had agreed would be confidential and matters that AAA rules had cloaked with confidentiality. McAfee cites no evidence that it would suffer injury to any specific interests—financial, reputational, or otherwise—if its motion to seal were denied. The trial judge could have reasonably concluded that McAfee had failed to show a "specific" interest opposing the presumption of openness. Moreover, given the generality of McAfee's asserted interest in confidentiality, the trial judge could have reasonably concluded that it was impossible to determine whether that interest was so "serious and substantial" as to clearly outweigh the presumption of openness.

We have found no cases recognizing a party's general interest in a confidentiality agreement—even an agreement reinforced by an arbitrator's rules and orders—as a specific, serious, and substantial interest within the meaning of Rule 76a(1). The relevant case law indicates that the interest relied on must be more specific than that. *See Upjohn Co.,* 906 S.W.2d at 96 (stating that a properly proved trade secret can justify sealing); *see also In re Browning–Ferris Indus., Inc.,* 267 S.W.3d 508, 512–13 (Tex.App.-Houston [14th Dist.] 2008, orig. proceeding) (holding that previously privileged documents should be sealed because disclosure could affect a party's liabilities in an ongoing environmental clean-up proceeding); *Nguyen,* 2008 WL 2511183, at *4–6 (suggesting that information protected by constitutional privacy rights and medical-health privileges can be sealed).

Because the trial judge could have reasonably concluded that McAfee did not satisfy the requirements of Rule 76a(1)(a), we need not consider McAfee's argument with respect to the requirements of Rule 76a(1)(b). We conclude that McAfee has not shown that the denial of its motion to seal was an abuse of discretion. We resolve McAfee's second issue on appeal against it.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

---

1. Weiss agrees that the arbitration award does not implicate the "general public health or safety," so we do not address this part of the first element of Rule 76a(1)(a)(2).