COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:      Darla Lexington v. T. Gerald Treece, Individually, J. Cary Gray, as Successor Independent Administrator with Will Annexed of the Estate of John M. O'Quinn, deceased, John M. O'Quinn & Associates, PLLC, Gibbs & Bruns, LLP, Needmore River Ranch, LLC, Greg LaMantia and Joseph V. LaMantia, III, SCI Texas Funeral Services, Inc. d/b/a/ Geo. H Lewis & Sons Funeral Directors, John M. O'Quinn Foundation, and Robert C. Wilson, III

Appellate case number:      01-17-00228-CV

Trial court case number:      392,247-419

Trial court:      Probate Court No 2 of Harris County

Appellant, Darla Lexington, appeals from the probate court's orders of March 7, 2017, March 30, 2017, and April 3, 2017, dismissing her claims against appellees. She contends that the probate court erred in dismissing certain claims pursuant to Texas Rule of Civil Procedure 91a and erred in granting pleas to the jurisdiction dismissing certain claims for lack of standing.

In 2019, the probate court granted Lexington's motions to seal portions of the record in the case. Accordingly, certain clerk's and reporter's records were filed in this Court under seal. Subsequently, because the parties' briefs discuss the sealed portions of the record, this Court granted their motions to file the briefs under seal as well.

This Court is required to hand down a public opinion explaining its decision in this appeal based on the record. *See* TEX. GOV'T CODE § 552.022(a)(12) (providing that opinions constitute "public information"); TEX. R. APP. P. 47.1, 47.3 (providing that all opinions are open to public and must be made available to reporting services); TEX. R. CIV. P. 76a(1) ("No court order or opinion issued in the adjudication of a case may be sealed."). The probate court's sealing orders, however, specifically include, in their entirety, key documents that are necessary to resolving the issues raised in the appeal.

A plea to the jurisdiction challenges a trial court's power to exercise subject matter jurisdiction over a claim and "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). In determining whether a plaintiff has met her burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction, we must look to the allegations in the plaintiff's

pleadings. *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). In addition, "a court deciding a plea to the jurisdiction . . . may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). The standing inquiry "requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 156 (Tex. 2012). We look to the facts alleged in the petition and may consider evidence in the record if necessary to resolve the question. *Id.* at 149.

On June 25, 2019, the probate court granted Lexington's motion to permanently seal her First Supplemental Petition and two accompanying exhibits, namely, redacted versions of the "Ranch Rule 11 Agreement" ("RR11") and "Confidential Settlement & Release Agreement" ("Settlement Agreement"). In its November 19, 2019 order, the probate court granted Lexington's motion to permanently seal the following documents, which discuss the previously sealed documents:

1) Plaintiff's Fourth Amended Petition . . . filed on February 15, 2017;

2) Lexington's Response to the . . . Motion to Dismiss Pursuant to Rule 91a filed on February 15, 2017;

3) The Foundation Defendants' Motion to Dismiss for Lack of Jurisdiction filed on February 24, 2017 and selected portions of Exhibit A thereto (February 22, 2017 hearing transcript);

. . . .

6) Lexington's Omnibus Response to Motions to Dismiss for Lack of Jurisdiction filed on March 3, 2017;

7) Gibbs & Bruns' Motion to Dismiss for Lack of Jurisdiction filed on March 6, 2017 and its exhibits thereto (Exhibits A and B, respectively);

8) Lexington's Response to Gibbs & Bruns, LLP's Motion to Dismiss filed on March 15, 2017; and

9) Any court reporter transcript in this case that discusses the substance and contents of Lexington's First Supplemental Petition, the Ranch Rule 11 Agreement, and/or the Settlement Agreement, specifically including . . . those portions of trial court hearing transcripts in this case dated February 22, 2017 . . . .

The probate court found that there existed a "specific, serious and substantial interest in protecting the privacy rights of the parties who executed the [Settlement Agreement] and the [RR11]" and that "[t]hose privacy rights clearly outweigh[ed] the presumption of openness related to court records in this state." The probate court further found that:

there is no probable adverse effect that permanently sealing records which incorporate and/or discuss the substance and contents of [Settlement Agreement] and [RR11] will have upon the general public health or safety . . . . In addition, there are no less restrictive means available than sealing these records that will adequately and effectively protect the specific privacy interests at stake for the parties here. For example, although Lexington has redacted the exhibits to her

First Supplemental Petition, the terms of the [Settlement Agreement] still explicitly require that the terms of that agreement, and the [RR11], "are to remain fully and completely confidential" and that "The Parties further agree not to deliver, distribute, or otherwise disclose the contents of [the Settlement Agreement and RR11,]" except as specifically agreed upon. *See* Section 3.9 of the [Settlement Agreement]." Yet, the documents highlighted within this Order discuss or incorporate the terms of those agreements.

Thus, the probate court's order seals the live petition in this case; the plea to the jurisdiction by the Foundation and Wilson, which other plea defendants joined; the plea by Gibbs & Bruns; and Lexington's responses to the Rule 91a motion and pleas to the jurisdiction. Further, the order seals unspecified "portions" of the transcript of the February 22, 2017 hearing on the Rule 91a motion. In their briefs, the parties rely substantially on these sealed portions of the record in presenting their case, including portions of the Settlement Agreement and RR11, which are the subject of certain claims and, although redacted, are also sealed.

We cannot decide this appeal without discussion of, and reference to, the allegations in the petition, the asserted bases for dismissal in the pleas and motions, the responses, and the key facts, including the evidence or exhibits incorporated or referenced, as redacted in our record. *See MasterGuard L.P. v. Eco Techs. Int'l LLC*, 441 S.W.3d 367, 371 (Tex. App.—Dallas 2013, no pet.); *R.V.K. v. L.L.K.*, 103 S.W.3d 612, 614–15 (Tex. App.—San Antonio 2003, no pet.) (noting court's responsibility to provide cogent and meaningful opinions not only to litigants and beneficiaries of sealing order, but also to members of judiciary, bar, and public, and concluding that court simply could not do so without references to and excerpts from sealed portions of record, which went to very heart of controversy, and that to strip all such references would leave opinion devoid of meaningful substance). We note that Rule of Civil Procedure 76a contains no exception for documents subject to private confidentiality agreements. *McAfee, Inc. v. Weiss*, 336 S.W.3d 840, 844 (Tex. App.—Dallas 2011, pet. denied).

Accordingly, we abate the appeal and remand the case to the probate court for a hearing, at which counsel for both parties shall be present. *See* TEX. R. CIV. P. 76a(8) ("The appellate court may abate the appeal and order the trial court to . . . hold further hearings, or to make additional findings."). We direct the probate court to address the breadth of its June 25, 2019 and November 19, 2019 sealing orders, in light of the above, by examining the documents listed (as limited above), and the exhibits incorporated or attached, and making more specific designations or determining a less restrictive means to adequately and effectively protect the privacy interests at stake.

The probate court's findings and conclusions, any orders issued, and any further redacted versions of the above documents shall be filed with the clerk of this court **within 60 days of the date of this order**. The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the probate court's findings and recommendations are filed in this Court.

It is so ORDERED.


Judge's signature: _/s/ Sherry Radack_____
                       ☐ Acting individually   ☒ Acting for the Court
Date: __December 8, 2020_____