**Appellants' Motion for Contempt Denied; Stay Lifted; Order Affirmed and Memorandum Opinion filed April 12, 2022**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00568-CV

---

## ALI CHOUDHRI; DALIO HOLDINGS I, LLC; AND

## DALIO HOLDINGS II, LLC, Appellants

### V.

## MOKARAM-LATIF WEST LOOP, LTD. AND ALI MOKARAM, Appellees

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-27197-A**

---

## MEMORANDUM OPINION

This appeal is brought from an order denying a motion to seal. *See* Tex. R. Civ. P. 76a.[1] On October 19, 2021, we granted appellants' motion to stay

---

[1] The appeal is authorized under Texas Rule of Civil Procedure 76a(8). Tex. R. Civ. P. 76a(8). Under that provision, a sealing order is deemed to be both severed from the ongoing case and a final appealable judgment. *Id.*; *see also Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 n.13 (Tex. 1992).

enforcement of the trial court's order, pending final decision by this court in this interlocutory appeal or further order of this court.

## BACKGROUND

The parties arbitrated their dispute pursuant to an agreement containing a confidentiality provision. The arbitration panel issued an award in favor of appellees and against appellants. Subsequently, appellees publicly filed a copy of the arbitration award in their suit to affirm the arbitration award. Appellants filed an emergency motion to seal the award and the trial court entered a temporary sealing order. After a hearing, the trial court vacated its temporary sealing order and denied appellants' motion. The trial court granted a limited stay, during which time this court entered its stay pending resolution of this appeal. In their sole issue, appellants contend the trial court abused its discretion by refusing to seal the arbitration award.

## ANALYSIS

Court records are presumed open to the public and may be sealed only upon a showing of a specific, serious and substantial interest which clearly outweighs both the presumption and any probable adverse effect that sealing the records will have upon the general public health or safety. Tex. R. App. P. 76a(1)(a). Further, it must be shown that no less restrictive means will adequately and effectively protect the specific interest asserted. Tex. R. App. P. 76a(1)(b).

Appellants contend the presumption that court records are open to the public is outweighed by the interest in upholding the confidentiality clause within the arbitration agreement and the adverse effect the open records would have on appellant's reputation. Appellants do not address subsection (b) other than to

2

simply state that "no less restrictive means than sealing will adequately and effectively protect" their interest in sealing the records.

We review the trial court's determination pursuant to Rule 76a under an abuse of discretion standard. *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998); *In re Browning-Ferris Indus., Inc.*, 267 S.W.3d 508, 512 (Tex. App.— Houston [14th Dist.] 2008, no pet.). Rule 76a does not require the trial court to make factual findings but to balance the public's interest in open court proceedings against a party's personal or proprietary interest in privacy. *Id.* (citing *Gen. Tire,* 970 S.W.2d at 526).

There is no dispute the arbitration award is a court record and therefore presumptively open to the public. It is a document filed in connection with a matter before a civil court, in this case a motion to confirm the award. *See McAfee, Inc. v. Weiss*, 336 S.W.3d 840, 844 (Tex. App.—Dallas 2011, pet. denied); *Nguyen v. Dallas Morning News, L.P.*, No. 2–06–298–CV, 2008 WL 2511183, at *3 (Tex. App.—Fort Worth June 19, 2008, no pet.) (mem. op.) (a document is "filed" for purposes of Rule 76a if "it is delivered or tendered to, or otherwise put under the custody or control of, the court's clerk"). The arbitration award is not an exception to "court records" and appellant does not claim otherwise. *See* Tex. R. Civ. P. 76a(2)(a)(1-3). Thus, the question is whether appellants rebutted the presumption.

In their brief, appellants rely upon the enforceability of the confidentiality provision in the arbitration agreement as the basis for this court to conclude the trial court abused its discretion. The relied-upon provision states:

> NEITHER THE PARTIES NOR THE ARBITRATORS MAY DISCLOSE THE EXISTENCE, CONTENT, OR RESULTS OF ANY ARBITRATION HEREUNDER WITHOUT PRIOR WRITTEN CONSENT OF ALL PARTIES AND/OR COURT ORDER.

Expressly, the confidentiality provision is not operative in the face of a court order to the contrary. The record reflects that on August 24, 2021, Ali Mokaram moved to file the arbitration award in the trial court. Appellants opposed the request. On September 8, 2021, the trial court signed an order granting Mokaram's request to file the final arbitration award. Because the filing of the arbitration award was permitted by the trial court's order, it did not violate the confidentiality provision. Accordingly, the confidentiality provision ceased to be a basis for sealing the award. Thus, the trial court did not abuse its discretion by denying the motion to seal. *See* Tex. R. Civ. P. 76a(1)(a). We therefore need not address subsection (b). Appellants' issue is overruled and the order of the trial court is affirmed.

Accordingly, our October 19, 2021 stay of the trial court's order is lifted. Appellants' motion for contempt is denied.


/s/    Meagan Hassan
        Justice


Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.

4